**VAN BOURG, ALLEN, WEINBERG & ROGER,**
Plaintiff/Appellee/Cross-Appellant,

v.

**NATIONAL LABOR RELATIONS BOARD,**
Defendant/Appellant/Cross-Appellee.

Nos. 80–4538, 80–4567.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1981.

Decided Sept. 21, 1981.

Richard Zuckerman, NLRB, Washington, D. C., argued, for NLRB; Aileen A. Arm-

strong, Asst. Gen. Counsel for Special Lit. NLRB, Washington, D. C., on brief.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for Van Bourg, Allen, Weinberg & Roger.

Before BROWNING and GOODWIN, Circuit Judges, and McNICHOLS *, Chief District Judge.

PER CURIAM:

Plaintiff seeks disclosure under the Freedom of Information Act ("FOIA") of affidavits and agency memoranda relating to terminated unfair labor practice proceedings. The NLRB resists disclosure under Exemptions 5, 7(A), 7(C) and 7(D) of the Act. Upon cross-motions for summary judgment, the district court ordered three affidavits disclosed and the remaining documents withheld.

The court did not enter findings of fact or conclusions of law, and the reasons for its decision are not apparent from the record. We are unable to determine which exemption the court applied to each document withheld and what relevant undisputed facts provided the basis for non-disclosure. We are also unable to perceive the legal principles or identify the undisputed facts warranting the conclusion that none of the claimed exemptions applied to each of the documents ordered disclosed. It is unclear, for example, whether the court held one or more of the exemptions inapplicable generically as a matter of law or only inapplicable because of the particular facts pertaining to each document.

■ When summary judgment has been granted, a statement of the dispositive facts and controlling principles of law is

permissible and indeed preferable to assist review on appeal. *See Garter-Bare Co. v. Munsingwear, Inc.,* 622 F.2d 416, 424–25 (9th Cir. 1980) (Wallace, J. concurring); *Golden Gate Acceptance Corp. v. General Motors,* 597 F.2d 676, 678 n.3 (9th Cir. 1979); *Abramson v. Univ. of Hawaii,* 594 F.2d 202, 210 (9th Cir. 1979). When the district court's "underlying holdings would otherwise be ambiguous or inascertainable," the reasons for entering summary judgment must be stated somewhere in the record. *Hanson v. Aetna Life & Casualty,* 625 F.2d 573, 575 (5th Cir. 1980). Federal Rule of Civil Procedure 52(a) does not relieve the trial court of this burden. *Schwartz v. I.R.S.,* 511 F.2d 1303, 1306–07 (D.C.Cir. 1975). *See Ackerly v. Ley,* 420 F.2d 1336, 1341–42 (D.C.Cir.1969); *Hanson, supra,* 625 F.2d at 575 (5th Cir. 1980).

■ Disclosure of the factual and legal basis for the trial court's decision is especially compelling in FOIA cases. Because the substantive law places heavy emphasis on disclosure and specifically requires the government to bear the burden of proving the right to withhold requested materials, the government should furnish the trial court with "detailed justifications for withholding documents." *See Ollestad v. Kelley,* 573 F.2d 1109, 1110 (9th Cir. 1978). *See also Hardy v. Bureau of Alcohol, Tobacco & Firearms,* 631 F.2d 653, 657 (9th Cir. 1980). If the trial court decides the agency need not disclose particular information "the court must identify the exemption which supports non-disclosure." *Fisher v. Renegotiation Board,* 473 F.2d 109, 112 (D.C.Cir. 1972).

■ The FOIA requires *de novo* review of the agency's disclosure decisions, and "the burden of actually determining whether the information is as the Government describes it falls ultimately on the court system." *Cuneo v. Schlesinger,* 484 F.2d

---

* Honorable Robert J. McNichols, District Judge, United States District Court for the Eastern District of Washington, sitting by designation.

1086, 1091 (D.C.Cir.1973). Therefore, "District Court decisions in FOIA cases must provide statements of law that are both accurate and sufficiently detailed to establish that the careful *de novo* review prescribed by Congress has in fact taken place." *Founding Church of Scientology of Washington, D.C., Inc. v. Bell*, 603 F.2d 945, 950 (D.C.Cir.1979).

The appellate court is particularly ill-equipped to conduct its own investigation into the propriety of claims for non-disclosure. *See Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C.Cir.1973). "The reviewing court should not be required to speculate on the precise relationship between each exemption claim and the contents of the specific document[s]." *Ray v. Turner*, 587 F.2d 1187, 1197 (D.C.Cir.1978).

The judgment is vacated and remanded so the district court may state in reasonable detail the reasons for its decision as to each document in dispute. It will be open to the court to conduct further proceedings should additional evidence be needed.

Vacated and remanded.

Fletcher, Circuit Judge, filed a concurring opinion.