**John G. LENINGER, Plaintiff-Appellant,**

v.

**GIBBS & HILL, INC.,
Defendant-Appellee.**

**Cal. No. 735, Docket 83–7749.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 8, 1984.

Decided March 26, 1984.

Edward S. Patterson, Bardonia, N.Y. (Patterson & Villanova, P.C., Bardonia, N.Y., on the brief), for plaintiff-appellant.

Lawrence W. Pollack, New York City (Le Boeuf, Lamb, Leiby & MacRae, and John A. Rudy, New York City, of counsel), for defendant-appellee.

Before TIMBERS, VAN GRAAFEI-LAND and RE *, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from a summary judgment of the United States District Court for the Southern District of New York (Carter, J.) dismissing appellant Leninger's complaint alleging unlawful discharge from employment. We reverse.

On May 7, 1981, Leninger and Gibbs & Hill, Inc. entered into a contract in which they agreed that Leninger would work in Taiwan as a Senior Design Engineer for G & H's Taiwan subsidiary, Gibsin Engineers, Ltd., for a two-year period commencing May 11, 1981. Leninger resigned from his existing employment and moved with his family to Taiwan where he worked for Gibsin until April of 1982. On April 8, 1982, Leninger received written notice of his termination, effective April 30, 1982.

Paragraph 17 of appellant's employment contract, which bears the heading "Termination", contains two subparagraphs, "A" and "B". Subparagraph A is entitled "For Cause or Resignation", and sets forth in detail the "causes" which would justify the termination of appellant's employment. These include such things as absenteeism, incompetence, intoxication, drug abuse, and insubordination. Appellee does not contend that Leninger was discharged for cause.

Subparagraph B, which is entitled "Completion of Work", reads in pertinent part as follows:

> G & H may terminate this agreement and your employment hereunder at any

---

* Chief Judge, U.S. Court of International Trade,  sitting by designation.

time for GIBSIN's or G & H's convenience or in the event that, in GIBSIN's or G & H's judgement, the work for which you were hired or assigned under this agreement has been completed, indefinitely suspended or terminated.

Appellee's April 8, 1982 memo stated that appellant was being discharged for a "business reason, which results in a planned reduction in the number of G & H expatriates at GIBSIN." It concluded with the request, "Will you please make such arrangements as necessary to complete the work you are currently assigned to." Despite this specific language in the notice of discharge, both the Rule 3(g) statement and the affidavit of appellee's vice president, submitted in support of appellee's motion for summary judgment, stated that appellant's employment was terminated because the work he was to perform had been completed.

On June 3, 1983, Leninger submitted an affidavit opposing appellee's motion, in which he stated that he had been engaged in five engineering projects at the time of his termination, none of which had been completed as of the date of the affidavit. Leninger also swore that other American engineers continued to arrive in Taiwan and still were working on projects that appellee claimed had been completed a year before. Notwithstanding the obvious factual dispute thus created, the district court granted appellee's summary judgment motion with the simple notation on the motion cover "So ordered."

Our review of the district court's judgment has been frustrated somewhat by the court's failure to indicate its reasons for granting appellee's motions. *See Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1356, 1357 (9th Cir.1981); *Hanson v. Aetna Life & Casualty*, 625 F.2d 573, 575–76 (5th Cir.1980). However, we are satisfied that the motion should not have been granted.

We find no merit whatever in appellee's contention that Leninger's "attempt" to create an issue of fact concerning the status of his work "is of no consequence"

because the contract gave appellee the right to say that appellant's work had been completed even if, in fact, the work had not been completed. In the first place, "completion of the work", was not given as the reason for appellant's discharge in the April 8, 1982 notice. In the second place, appellee's argument overlooks the covenant of good faith and fair dealing that is implied in every contract. *See Filner v. Shapiro*, 633 F.2d 139, 143 (2d Cir.1980). Accepting, as we must, appellant's allegations that his assigned work had not been completed and that appellee's assertions to the contrary were made in bad faith and were completely false, the issues thus raised cannot be disregarded as "of no consequence."

We also disagree with appellee's contention that, as a matter of law, the phrase "[a]t any time for GIBSIN's or G & H's convenience" in subparagraph B gave appellee the unrestricted right to discharge appellant at any time it chose, with or without reason to do so. In interpreting contracts, New York courts understandably seek constructions that fairly and equitably impose mutuality of obligation, rather than interpretations that place one of the parties at the mercy of the other. *Moran v. Standard Oil Co.*, 211 N.Y. 187, 195–96, 105 N.E. 217 (1914); *Schoellkopf v. Coatsworth*, 166 N.Y. 77, 84, 59 N.E. 710 (1901). In applying this canon of construction to an employment contract, one New York court aptly stated, "if this employment contract is to be read as one terminable at will, it may just as well never have been written." *Vogel v. Pathe Exchange, Inc.*, 234 A.D. 313, 317, 254 N.Y.S. 881 (1932).

If the contract in the instant case was to be terminable at the unfettered discretion of appellee, it made no sense for appellee to set forth in subparagraph A of paragraph 17 the numerous grounds warranting a discharge for cause. *See Yazujian v. J. Rich Steers, Inc.*, 195 Misc. 694, 701, 89 N.Y. S.2d 551 (1949). Moreover, it would be deceptive or, at best, meaningless to include a clause permitting termination at

will in a subparagraph headed "Completion of Work."

For the reasons above expressed and in the light of the well-established rule that contractual ambiguities should be construed most strongly against the draftsman, *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 956–57 (2d Cir.1973), we conclude that the district court's "So ordered" grant of appellee's summary judgment motion was error.

The judgment of the district court is reversed, and the matter is remanded to that court for further proceedings consistent with this opinion.