20 F.3d 1104
 Richard REGALADO; Richard Jude Regalado; Sarina Regalado;
Sara Regalado; Teresa Regalado; Michelle Regalado, Minor
Children By and Through their Father, co-plaintiff Richard
Jude REGALADO, Plaintiffs-Appellants,
v.
The CITY OF COMMERCE CITY, COLORADO; Roland Cole; Marjorie
Christensen; Sherri Szymanski; Mr. Tate; Jack Haggerman,
individually and in their official capacity as Members of
the City of Commerce City, Colorado City Council; James G.
Sanderson, individually and in his official capacity as
Chief of Police, City of Commerce City, Colorado; April
Bren; Fidel Ortega; Chris Solano; Rich Blea; Mark
Morgan; Tom Abbott; Mark Elliot; Tom Poe; Sergeant James
Grady; Sergeant James Greene; Detective Jan Brace,
individually and in their official capacity as Police
Officers for the City of Commerce City, Colorado; City of
Commerce City Police Officers, individually and in official
capacity; John Does, I through X, individually and in their
official capacity, Defendants-Appellees.
 No. 92-1260.
 United States Court of Appeals,
Tenth Circuit.
 April 6, 1994.
 
 Debi Cisneros of Debi Cisneros, P.C., Denver, CO, for plaintiffs-appellants.
 Theodore S. Halaby (Robert M. Liechty and Joseph M. Timmins of Halaby, McCrea & Cross with him on the brief), Denver, CO, for defendants-appellees.
 Before BALDOCK, Circuit Judge, and McWILLIAMS, Senior Circuit Judge, and SAFFELS, Senior District Judge.*
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 Richard Regalado and his son, Richard Jude Regalado, along with Sarina Regalado, Sara Regalado, Teresa Regalado and Michelle Regalado, minor children by and through their father, Richard Jude Regalado, brought suit in the United States District Court for the District of Colorado against The City of Commerce City, Colorado, and various officials and police officers of Commerce City, alleging that the Defendants had violated their civil rights. The Plaintiffs sought compensatory damages in the amount of $1,000,000.00 and punitive damages for an additional $1,000,000.00.
 
 
 2
 The complaint set forth ten claims for relief based on violations of federal law and two pendent claims for assault and battery and extreme and outrageous conduct, respectively. Without going into great detail, the gist of the complaint was that from October 31, 1990, to the date the complaint was filed, i.e., October 30, 1991, the Defendants harassed the Plaintiffs without justification and on one occasion unlawfully arrested Richard Regalado, and on another occasion unlawfully arrested his son, Richard Jude Regalado. By answer the Defendants denied liability and affirmatively alleged, inter alia, qualified immunity. As will be developed, the district court eventually entered summary judgment in favor of all Defendants on all claims and judgment to that effect was duly entered.
 
 
 3
 A notice of appeal was timely filed with the district court in which the Plaintiffs were designated as "Richard Regalado, et al." By order of this Court the parties were directed to submit memorandum briefs addressing the question of whether this Court had jurisdiction over any of the Plaintiffs in the district court except for the one Plaintiff who was designated by name in the notice of appeal, namely Richard Regalado, the father of Richard Jude Regalado and the grandfather of the latter's four children. Delgado Oil Co. v. Torres, 785 F.2d 857, 859 (10th Cir.1986) ("although the parties never challenged jurisdiction, we must sua sponte raise the issue to assure our proper jurisdiction"). The appeal also has been briefed on the merits of the matters in controversy.
 
 
 4
 We hold that the only Plaintiff in the district court who is before this Court on appeal is Richard Regalado. The "et al." designation used in the notice of appeal is insufficient to confer jurisdiction on this Court to hear the ineffective efforts of Richard Jude Regalado and his four children to appeal the summary judgment entered by the district court in favor of all defendants on all of their claims. That judgment, not having been appealed, is now final. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); Laidley v. McClain, 914 F.2d 1386 (10th Cir.1990).[1]
 
 
 5
 We shall now consider on the merits the appeal of the one Plaintiff, Richard Regalado. To understand our disposition of his appeal, a chronology of dates and events is necessary. The record before us shows the following:
 
 
 6
 1. The complaint was filed on October 30, 1991, and an answer thereto was filed on December 17, 1991.
 
 
 7
 2. On or about January 31, 1992, the Defendants filed a two-page motion for summary judgment and stay of discovery, alleging that the Defendants were entitled to qualified immunity. This motion was accompanied by a sixteen-page brief to which were attached some fifty-five pages of exhibits, consisting of transcripts of proceedings involving Richard Regalado and the others in state court, along with various affidavits.
 
 
 8
 3. On February 24, 1992, the Plaintiffs filed a two-page response to Defendants' motion for summary judgment and stay of discovery, supported by a fourteen-page brief, to which were attached forty-one pages of affidavits and the like.
 
 
 9
 4. On March 4, 1992, the Defendants filed a five-page reply to Plaintiff's response.
 
 
 10
 5. On April 16, 1992, the district court, in a twenty-four page order, granted the Defendants' motion for summary judgment in part and denied it in part. Specifically, the district court granted the motion as to Plaintiffs' third claim, and dismissed that claim as to all Defendants. However, the district court denied Defendants' motion as it related to all of Plaintiffs' other claims, and ordered discovery to proceed expeditiously.
 
 
 11
 6. On July 22, 1992, the Defendants filed a renewed motion for summary judgment, accompanied by a sixty-six page brief to which were attached over 1,000 pages of so-called exhibits.
 
 
 12
 7. On the same day the renewed motion for summary judgment was filed, the district court, by minute order, found the brief and exhibits to be "excessive" and accordingly denied the renewed motion for summary judgment "without prejudice." Further, by that order the parties were permitted until noon of the following day, July 23, 1992, to file any "dispositive motions," to which responses could be filed on or before noon July 28, 1992. Dispositive motions, under the court's order, could not be longer than ten pages and could be accompanied by no more than twenty pages of exhibits.
 
 
 13
 8. On July 23, 1992, the Defendants filed a two-page motion asking the district court to reconsider its order of the prior day, which motion was supported by a ten-page amended brief.
 
 
 14
 9. On July 27, 1992, the Plaintiffs filed a three-page response to Defendants' renewed motion for summary judgment, and the amended brief in support thereof.
 
 
 15
 10. On July 28, 1992, the Defendants filed a motion for leave to file five days out of time forty-seven pages of exhibits in support of their amended brief.
 
 
 16
 11. And on July 31, 1992, the district court, in a twenty-three-page order, granted Defendants' renewed motion for summary judgment and dismissed all of Plaintiffs' remaining claims against all Defendants.
 
 
 17
 The starting point in our discussion is the district court's order of April 16, 1992, wherein the district court granted the Defendants' motion for summary judgment in part, and denied it in part. Specifically, in that order, the district court granted summary judgment in favor of all Defendants on Plaintiffs' third claim for relief, and denied the motion as to all other claims of the Plaintiffs. Skipping ahead, on July 31, 1992, some 3 1/2 months after the April 16 order, the district court granted Defendants' renewed motion for summary judgment and dismissed all remaining claims against all Defendants.
 
 
 18
 In dismissing all remaining claims of Plaintiffs on July 31, 1992, the district court said that it did so "after carefully reviewing the record." Richard Regalado argues on appeal, inter alia, that in granting Defendants' renewed motion for summary judgment on July 31, 1992, the district court relied on evidentiary matter which was not a part of the record, and to which he had no opportunity to respond. Our problem is that we cannot tell from the record before us just what the district court was relying on when it granted the Defendants' renewed motion for summary judgment.
 
 
 19
 There is the suggestion from the Defendants that in granting their renewed motion for summary judgment on July 31, 1992, the district court was relying on the evidentiary matter attached to their first motion for summary judgment which, as indicated, was denied on April 16, 1992, except as to Plaintiffs' third claim. In this regard we find nothing in the district court's order of July 31, 1991, to substantiate that suggestion.
 
 
 20
 We do know that on July 22, 1992, the Defendants filed a renewed motion for summary judgment accompanied by a sixty-six page brief to which were attached 1,000 pages of exhibits, which the district court, on the same day, denied, without prejudice, as being "excessive." On the following day, the Defendants filed a motion asking the district court to reconsider its order of July 22, 1992, wherein it refused to consider Defendants' sixty-six page brief with the 1,000 pages of supporting exhibits. From the record before us we cannot tell whether the district court granted that motion, denied it, or did neither. We are, accordingly, uncertain whether the district court, in granting summary judgment on July 31, 1992, was, or was not, considering the sixty-six page brief and the 1,000 pages of exhibits.
 
 
 21
 Similarly, on July 28, 1992, the Defendants filed a motion for leave to file, five days out of time, forty-seven pages of so-called exhibits in support of their ten-page amended brief which was filed on July 23, 1992, in support of their motion asking the district court to reconsider its order of July 22, 1992. So far as we can tell from the record before us, the district court did not rule on Defendants' motion of July 28, 1992, to file out of time forty-seven pages of exhibits in support of their amended brief filed July 23, 1992. Whether the district court in granting Defendants' renewed motion for summary judgment on July 31, 1992, considered the forty-seven pages of exhibits is not clear to us. Of course, if the district court did not consider the forty-seven pages of exhibits belatedly offered by the Defendants in support of their amended brief, and if the district court did not consider the original sixty-six page brief with the 1,000 pages of exhibits attached thereto, then it would appear that the only evidentiary matter before the district court on July 31, 1992, when it granted Defendants' renewed motion for summary judgment was the same evidentiary matter before it when, on April 16, 1992, it denied, in the main, Defendants' original motion for summary judgment. And, as stated, there is nothing to indicate that this was a case where the district court on July 31, 1992, simply changed its mind and concluded that it should have granted the motion for summary judgment on April 16, 1992, in its entirety.
 
 
 22
 Because we are uncertain as to just what "record" the district court considered when it granted Defendants' renewed motion for summary judgment on July 31, 1992, we reverse, and remand for reconsideration.[1] We should know what "record" was being considered by the district court. Does it include the sixty-six page brief with 1,000 pages of exhibits? Does it include the forty-six pages of exhibits belatedly offered in support of Defendants' amended brief? Or was the district court's order of July 31, 1992, based solely on the record as it existed when the district court, on April 16, 1992, denied Defendants' original motion for summary judgment except as to the third claim?
 
 
 23
 We are not indicating that summary judgment is inappropriate in the instant case. However, we do want to know what record, and the parts thereof, that the district court is considering and relying on. And, finally, should the district court hold that it will consider the sixty-six page brief supported by the 1,000 pages of exhibits, and the forty-six pages of exhibits belatedly offered in support of Defendants' amended brief, the one remaining plaintiff, Richard Regalado, should be given an opportunity to respond thereto.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior District Judge, for the District of Kansas, sitting by designation
 
 
 [1]
 Fed.R.App.P. 3(c) has been amended, said amendment effective December 1, 1993
 
 
 [1]
 In granting a summary judgment motion, a district court is not required to explicitly detail findings and conclusions to support its decision, even though such might be helpful to a reviewing court. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ("There is no requirement that the trial judge make findings of fact."). However, if the district court's "underlying holdings would otherwise be ambiguous or inascertainable," the reasons for entering summary judgment should be stated somewhere in the record. Hanson v. Aetna Life & Casualty, 625 F.2d 573, 575 (5th Cir.1980) (findings of fact not required to enter summary judgment, but the reason for granting summary judgment should be stated, if the reason is ambiguous, to aid in appellate review); see also, Van Bourg, Allen, Weinberg & Roger v. National Labor Relations Board, 656 F.2d 1356, 1357 (9th Cir.1981) (the reasons for granting summary judgment should be stated in the record for appellate review if those reasons are not clear from the record)