86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey E. JERNIGAN, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 95-35191.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Earl Jernigan appeals pro se the district court's judgment on the pleadings in favor of the Air Force in Jernigan's action purportedly brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 552a. The district court concluded that it lacked subject matter jurisdiction over Jernigan's action because the Feres doctrine bars claims for injuries to military personnel which occur in the course of military service. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.
 
 
 3
 We review de novo a district court's determination that it lacks subject matter jurisdiction under the Feres doctrine. Estate of McAllister v. United States, 942 F.2d 1473, 1475 (9th Cir.1991), cert. denied, 502 U.S. 1092 (1992). We must determine independently whether the Feres doctrine is applicable to the facts in the record. Id.
 
 
 4
 The Feres doctrine is a judicial exception carved out of the Federal Tort Claims Act's (FTCA's) broad waiver of sovereign immunity. Lutz v. Secretary of the Air Force, 944 F.2d 1477, 1480 (9th Cir.1991).[1] Under the Feres doctrine, the United States is immune from claims by service members for injuries which "arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950). The three rationales underlying the Feres doctrine are: 1) the distinctively federal nature of the relationship between the government and members of its armed forces; 2) the availability of alternative compensation systems; and 3) fear of damaging the military disciplinary structure. United States v. Johnson, 481 U.S. 681, 689-90 (1987); Atkinson v. United States, 825 F.2d 202, 204 (9th Cir.1987), cert. denied, 485 U.S. 987 (1988).
 
 
 5
 Here, the district court permitted Jernigan to amend his complaint on two separate occasions. In his second amended complaint filed on February 18, 1994, Jernigan sought access to certain documents which the Air Force had withheld under his FOIA requests. In addition, Jernigan requested $375,000 in damages as well as attorney's fees pursuant to the Privacy Act.
 
 
 6
 Subsequently, Jernigan filed multiple discovery motions and other pleadings in which he sought millions of dollars in back pay and punitive damages, as well as reinstatement to the Air Force. On September 7, 1994, the court issued an order to show cause why these requests for relief were necessary when Jernigan's case was brought pursuant to FOIA and the Privacy Act. In an attempt to clarify Jernigan's claims, the court entered an order which stayed discovery and required that Jernigan answer specific questions regarding the basis of his complaint. In response to this order, Jernigan made a motion to file a third amended complaint, in which he sought to add several more defendants, including the President of the United States, and several more legal theories, including RICO.
 
 
 7
 The district court denied Jernigan's motion to amend his complaint again, and granted the defendant's motion for judgment on the pleadings.[2] The court found that Jernigan's underlying claim was based upon an attempt to recover monetary damages against the Air Force for his improper court-martial, and that this type of claim is barred by the Feres doctrine.
 
 
 8
 To the extent that Jernigan sought to recover damages from the Air Force based upon incidents surrounding his court-martial, the district court properly concluded that this type of recovery is barred under the Feres doctrine. See Johnson, 481 U.S. at 691-92; see also Davis v. United States, 667 F.2d 822, 825-26 (9th Cir.1982) (holding that the Feres doctrine bars intentional tort claim based upon court-martial proceedings). Accordingly, the district court did not err by dismissing these claims for lack of subject matter jurisdiction. See McAllister, 942 F.2d at 1480; Davis, 667 F.2d at 826.
 
 
 9
 The district court did err, however, by failing to address Jernigan's claims brought pursuant to the FOIA. The court characterized Jernigan's FOIA claim as "intended for discovery purposes" in order to pursue his claim for damages against the Air Force, and thus, the court did not rule on the merits of Jernigan's FOIA claim.[3]
 
 
 10
 "Disclosure of the factual and legal basis for the trial court's decision is especially compelling in FOIA cases." Van Bourg, Allen, Weinberg & Roger v. NLRB, 656 F.2d 1356, 1358 (9th Cir.1981) (per curiam). Because the reviewing court should not have to speculate on the precise relationship between the document and the exemption claimed, the district court must enter findings of fact and conclusions of law which clarify its decision regarding each document in dispute. See id. at 1357-58; see also Wiener v. FBI, 943 F.2d 972, 988 (9th Cir.1991), cert. denied, 505 U.S. 1212 (1992).
 
 
 11
 Accordingly, we remand Jernigan's FOIA claim to the district court with instructions to conduct additional proceedings based upon a Vaughn index and to "state in reasonable detail the reasons for its decision as to each document in dispute." Wiener, 943 F.2d at 988; accord Van Bourg, 656 F.2d at 1358.[4]
 
 
 12
 The district court shall also determine the Privacy Act claim.
 
 
 13
 Each party shall bear their own costs.
 
 
 14
 AFFIRMED in part; REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jernigan's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Feres doctrine has been expanded to operate as a bar to intentional torts, see Davis v. United States, 667 F.2d 822, 825 (9th Cir.1982), as well as Bivens claims, see United States v. Stanley, 483 U.S. 669, 683-84 (1987)
 
 
 [2]
 The district court did not abuse its discretion by denying Jernigan's motion to amend his complaint for the third time. See Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988)
 
 
 [3]
 In its June 28, 1994 order denying the Air Force's motion for summary judgment, the court noted that the Air Force had failed to respond to Jernigan's allegations about certain missing documents. On August 23, 1994, the Air Force submitted a response to the court's order stating that the documents in question had already been disclosed to Jernigan or were properly withheld. On August 30, 1994, Jernigan submitted a response in which he challenged the Air Force's representations about the documents in question. The court made no further findings regarding these disputed documents
 
 
 [4]
 Jernigan's contention that the district court erred by denying his request for attorney's fees is without merit. It is well settled that a pro se litigant cannot be compensated under a federal statute providing for attorney's fees. See Carter v. Veterans Administration, 780 F.2d 1479 (9th Cir.1986) (holding that a pro se litigant may not recover attorney's fees under FOIA)