Nathan IASCONE, a minor By and Through his Guardian Ad Litem Sherie IASCONE; Sherie Iascone, individually; Craig Iascone, Plaintiffs—Appellants,

v.

CONEJO VALLEY UNIFIED SCHOOL DISTRICT; Jerry C. Gross, Superintendent of Schools; Charles Eklund, Director of Secondary Schools; Timothy Carpenter, Principal of Redwood Junior High School; Jean Gordon, Assistant Principal of Redwood Junior High School; Michael Williams, Teacher at Redwood Junior High School; Drew Paslacqua, Teacher at Redwood Junior High School; Mark McGhee, Teacher at Redwood Junior High School; Eleanor Love, Principal at Los Cerritos Intermediate School; Bob Watson, Vice-Principal at Los Cerritos Intermediate School; William Sizemore, Counsel at Los Cerritos Intermediate School; Tim Wade, Teacher at Los Cerritos Intermediate School, Defendants—Appellees.

No. 99–56217.

D.C. No. CV–99–01515–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided Feb. 14, 2001.

**402**

Before T.G. NELSON, BEEZER, and BERZON, Circuit Judges.

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9 th Cir. R. 36–3.

MEMORANDUM *

Plaintiffs–Appellants Nathan Iascone ("Iascone") and his parents, Sherie and Craig Iascone (collectively, "Iascones"), appeal from the district court's orders granting defendants' motion to dismiss, denying the Iascones' motion for finding of facts and conclusions of law, and denying his motion for an extension of time to file a notice of appeal. We reverse in part, vacate in part, and remand.

The facts are familiar to the parties, so we do not recite them here except as necessary to explain our decision.

**A. Our jurisdiction over the appeal from the May 21, 1999 judgment**

The June 29, 1999 notice of appeal was filed thirty-nine days after entry of judgment. We therefore lack jurisdiction over the appeal from the May 21, 1999 judgment unless the applicable thirty-day time limit was tolled. Fed. R.App. Proc. 4(a)(1). The time limit was tolled if the Iascones' June 1, 1999 motion qualifies as one of the post-judgment motions identified in Federal Rule of Appellate Procedure 4(a)(4)(A).

We conclude that the June 1, 1999 motion should have been construed as a motion under Fed. R. Civ. Proc. 59(e) and that we therefore have jurisdiction over this appeal. Although the Iascones' June 1, 1999 motion did not expressly invoke Rule 59(e), nomenclature is not controlling; we look to the substance of the motion in determining how it should be treated. *The Sea Ranch Ass'n. v. California Coastal Zone Conservation Comm'ns.*, 537 F.2d 1058, 1061 (9th Cir.1976). "We have consistently held that if a motion is served

within ten days of judgment and it could have been brought under Rule 59(e), it tolls the time for appeal although it does not expressly invoke Rule 59." *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir.1984).

The district court's May 18, 1999 Order, which stated only that the motion to dismiss was granted, left uncertainty as to a number of critical procedural matters, most notably (1) whether the dismissal was on jurisdictional grounds; (2) whether the dismissal was with or without prejudice as to each cause of action; and (3) whether the state claims were dismissed based on a refusal to exercise supplemental jurisdiction or on the merits (which would affect both the standard of review on appeal and whether the Iascones could elect to refile their state claims in state court rather than appeal to this court). In that context, the Iascones' motion of June 1, 1999, which explicitly sought clarification of "the import of the Court's ruling," was properly read as a motion for alteration or amendment of the judgment under Rule 59(e). *See Barry v. Bowen*, 825 F.2d 1324, 1328–29 & n. 1 (9th Cir.1987), abrogation in part recognized by *In re Slimick*, 928 F.2d 304, 310 (9th Cir.1990); *cf. Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768, 772 (9th Cir.1986). That the district court could have amended the judgment to clarify, for instance, that the dismissal was partly on jurisdictional grounds, or that it was entirely without prejudice, belies Appellees' argument that the motion was not a motion for alteration or amendment of the judgment. *Sea Ranch Ass'n*, 537 F.2d at 1061 ("By motion appellants requested relief which might have been granted under Fed.R.Civ.P. 59(e). Since it was filed within the 10–day period set by the rule, it should be treated as a Rule 59 motion."). It follows that under Fed. R.App. Proc. 4(a)(4)(A) the June 29, 1999 Notice of Appeal was timely filed.

*B. Appeal from Judgment of Dismissal*

Despite the various alternative grounds on which dismissal was urged in the district court, including jurisdictional, other procedural, and substantive grounds, the opinion of that court states only that the motion to dismiss "is GRANTED." Where the district court's order is "opaque and unilluminating" as to the grounds on which an order of dismissal is based and we are unable to determine from the record the basis of the order, we may vacate and remand to the district court with instructions to state the ground for dismissal. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972). This court, sitting en banc, has previously commented on the unnecessary difficulties we encounter in attempting to review an unilluminating order of dismissal. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

Where, as here, the dismissal order does not even provide the minimal information provided by the district court's order in *WMX*—that is, whether the dismissal was with or without prejudice—the difficulty of adequate appellate review is compounded exponentially. Although, under Federal Rule of Civil Procedure 52, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed. R. Civ. Proc. 52(a), such statements are "permissible and indeed preferable to assist review on appeal." *Van Bourg, Allen, Weinberg & Roger v. N.L.R.B.*, 656 F.2d 1356, 1357 (9th Cir. 1981). Moreover, where the nature of "the district court's *underlying holdings* would otherwise be ambiguous or inascertainable," *id.* (emphasis added), Rule 52(a) "does not relieve the trial court of th[e] burden" to state somewhere in the record its reasons for dismissal in sufficient detail

that its decision may be adequately subjected to appellate review. *Id.*

█ Given the brevity of the district court's order of May 18, 1999, we are unable to determine from the record the "underlying holdings," *id.*, on which that order was based, with one exception. It is apparent from the record that the dismissal of the second cause of action, which alleges violations of the Individuals with Disabilities Education Act ("IDEA"), was based on failure to exhaust administrative remedies.[1] But exhaustion of remedies is not required under the IDEA where efforts to exhaust would be futile, where the agency has adopted a policy or practice of general applicability that is contrary to the law, or where the remedies available through the administrative process are inadequate. *Doe v. Arizona Dept. of Educ.*, 111 F.3d 678, 681 (9th Cir.1997); *Hoeft v. Tucson Unified School District*, 967 F.2d 1298, 1303–04 (9th Cir.1992). Here, Iascone has alleged facts which, if proven, would establish futility of administrative remedies. Thus, dismissal on the pleadings for failure to exhaust was error.

With respect to the other causes of action, rather than speculate as to "whether it was contemplated that the dismissal was for lack of jurisdiction, whether further amendment was anticipated . . . or whether it was contemplated that the whole action was dismissed on the merits," *WMX*, 104 F.3d at 1136, we will vacate and remand so that the district court may clarify the nature of its order.[2]

The Order of the district court is REVERSED with respect to the dismissal of the second cause of action, and REMANDED for further proceedings consistent with this opinion. With respect to the other causes of action, we VACATE and REMAND with instructions to state, with respect to each cause of action other than the second, the nature of the dismissal— (that is, with or without prejudice, discretionary or mandatory)—and the bases therefor.

---

1. The only other ground urged by defendants in their motion to dismiss was failure to state a claim on which relief could be granted. But the detailed allegations of the complaint so plainly state a claim for violations of the IDEA as to belie the argument that the district court dismissed on this basis.

2. Because we vacate the Order of dismissal, we need not reach the issues embraced in the Iascones' second notice of appeal, which was taken from the denial of their Rule 59(e) motion.

