**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 22, 2007**

**FOR THE TENTH CIRCUIT**

YORAM RAZ,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 06-5101
(D.C. No. 05-CV-433-P)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

Plaintiff-appellant Yoram Raz, appearing pro se, appeals two minute

orders entered by the district court dismissing his complaint against the United

States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and

§§ 2671-2680.  Our jurisdiction arises under 28 U.S.C. § 1291.  Because the

district court failed to state the reason(s) for its dismissal of plaintiff's complaint,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we vacate the two minute orders dismissing plaintiff's complaint, R., Docs. 18 and 19, and remand this matter to the district court with directions for the court to enter a proper order setting forth a statement of reasons to support its dismissal.

In its first minute order, the district court stated that it was granting the motion to dismiss that the government filed shortly after plaintiff filed his complaint. *Id.*, Doc. 18. The court did not state the reason(s) for its dismissal, however, as the minute order simply stated that the court was "granting [4] Motion to Dismiss[.]" *Id.* Subsequently, the court entered a separate minute order terminating the case. *Id.*, Doc. 19. That order also failed to state the reason(s) for the dismissal. *Id.*

In his complaint in this case, plaintiff claims that he sustained physical, emotional, and economic injuries when he and his vehicle were detained for several hours by agents of the Federal Bureau of Investigation on October 2, 2004 near Jay, Oklahoma, and he is seeking to recover money damages under the FTCA. In its motion to dismiss and brief in support, the government moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, the government advanced four separate grounds for dismissing plaintiff's complaint: (1) res judicata/claim preclusion; (2) res judicata/issue preclusion; (3) the FTCA's statutory bar pertaining to certain types of property damage claims, *see* 28 U.S.C. § 2680(c); and (4) the FTCA's statutory bar pertaining to the intentional torts of libel and slander, *see* 28 U.S.C. § 2680(h).

With regard to the first and second grounds, plaintiff previously filed a separate FTCA action against the United States in the Western District of Arkansas. Plaintiff also filed a prior action in the Western District of Arkansas for injunctive relief against the Director of the Federal Bureau of Investigation, and the injunctive relief action was consolidated with the FTCA action for all purposes. Following a three-day bench trial in July 2005, the Arkansas court dismissed all of the claims that plaintiff asserted with prejudice. *See Raz v. Mueller*, 389 F. Supp. 2d 1057, 1060, 1075-80 (W.D. Ark. 2005). In this case, the United States is relying on the judgment and rulings entered in the Arkansas actions to support its claim and issue preclusion defenses.

Fed. R. Civ. P. 52(a) provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 . . . except as provided in subdivision (c) of this rule."[1] As a result, in the summary judgment context, we have recognized that "[i]n granting a summary judgment motion, a district court is not required to explicitly detail findings and conclusions to support its decision, even though such might be helpful to a reviewing court." *Regalado v. City of Commerce City, Colo.*, 20 F.3d 1104, 1108 n.1 (10th Cir. 1994). We have also recognized, however, that "if the district court's underlying holdings would be otherwise ambiguous or inascertainable, the reasons for

---

[1] We note that the provisions of Fed. R. Civ. P. 52(c), concerning judgment on partial findings, have no bearing on the issues in this appeal.

entering summary judgment should be stated somewhere in the record." *Id.* (quotation omitted); *see also Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("[T]his court has held that when multiple grounds are presented by the movant and the reasons for the district court's decision are not otherwise clear from the record, it may vacate a summary judgment and remand for a statement of reasons.").

We believe this logic applies with equal force in the context of motions to dismiss under Fed. R. Civ. P. 12(b). Simply put, a dismissal order "that fails to disclose the district court's reasons runs contrary to the interest of judicial efficiency by compelling the appellate court to scour the record. . . . It also increases the danger that litigants . . . will perceive the judicial process to be arbitrary and capricious." *Couveau*, 218 F.3d at 1081 (citation and quotation omitted).

In this appeal, the government defends the district court's summary dismissal as follows:

> [T]he United States brought its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Rule 12(b)(1) aspect of the motion dealt with the viability of some, but not all, of Raz's claims under the FTCA. The Rule 12(b)(6) aspect of the motion related to all of Raz's claims under principles of res judicata. Because the district court dismissed the entire case, it clearly relied upon the res judicata principles cited by the United States.

Aplee. Br. at 22. This reasoning is flawed because it overlooks the fact that the government asserted two separate types of res judicata barriers to defeat

-4-

plaintiff's current claims, *i.e.*, claim and issue preclusion, and we cannot tell from the district court's summary minute orders which barrier the court relied on, or, alternatively, whether the court relied on both. *See Park Lake Res. LLC v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135-36 (10th Cir. 2004) (stating that "*[r]es judicata* doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion," and setting forth different requirements of each barrier).  Thus, while it appears that claim preclusion may bar all of plaintiff's current claims under this court's "transactional" approach since the Arkansas court adjudicated claims arising out of the transaction at issue in this case, *see Raz*, 389 F. Supp. 2d at 1075-76, 1078-79 (setting forth conclusions of law and addressing Oklahoma law and incident that occurred on October 2, 2004), we decline to guess whether claim preclusion was the basis for the district court's dismissal order.

The district court's minute orders, R., Docs. 18 and 19, are VACATED and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment.  We DENY: (1) plaintiff's request for an order directing the Honorable James H. Payne, United States District Judge for the Northern District of Oklahoma, to recuse himself from this case; and (2) plaintiff's request that this court reprimand Judge Payne.  Pursuant to Fed. R.

App. P. 39(a)(4), we DENY plaintiff's request for an award of the costs he has incurred in prosecuting this appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge