Chad REDDELL, Plaintiff–Appellant,

v.

Jerry GAMMILL, individually and in his official capacity as District Manager of Rural Water District No. 3, Washington County, Oklahoma; Doug Stickles, individually and in his official capacity as Field Supervisor of Rural Water District No. 3, Washington County, Oklahoma, Defendants–Appellees.

No. 12–5167.

United States Court of Appeals, Tenth Circuit.

July 12, 2013.

Laura Marie Lauth, Oleg Roytman, Donald E. Smolen, II, Smolen Smolen & Roytman, Tulsa, OK, for Plaintiff–Appellant.

Gerard F. Pignato, Erin Joseph Rooney, Pignato, Cooper, Kolker, & Roberson, Oklahoma City, OK, for Defendants–Appellees.

Before HARTZ, Circuit Judge, BRORBY, Senior Circuit Judge, and EBEL, Circuit Judge.

**ORDER AND JUDGMENT** *

WADE BRORBY, Senior Circuit Judge.

Appellant Chad Reddell has filed an appeal of the district court's order, granting Appellees' motion to dismiss his complaint filed pursuant to 42 U.S.C. § 1983 for injuries sustained as a result of his employment with Rural Water District No. 3,

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

Washington County, Oklahoma. The district court summarily issued a one-page order on the motion, simply stating, "[t]he Court, after careful review of the pleadings, and based upon the reasons as more fully set forth in Defendants' Motion to Dismiss Plaintiff's Complaint ..., finds that Plaintiff has failed to meet this standard and Defendants' Motion to Dismiss is GRANTED." App. at 83.

While a district court is not required to explicitly detail every conclusion supporting its decision, *see Regalado ex rel. Regalado v. City of Commerce City*, 20 F.3d 1104, 1108 n. 1 (10th Cir.1994), it is unclear from a review of the record in this case as to how the district court resolved the issues and arguments raised in the motion to dismiss and whether it considered and resolved the issues and arguments raised in Mr. Reddell's response to that motion, including the issues of substantive due process and qualified immunity in conjunction with exclusivity provisions of the Oklahoma Workers' Compensation statutes. Without further explanation as to its reasoning for granting the motion and rejecting the arguments presented in response thereto, we cannot adequately or meaningfully review its order or the merits of this case and, instead, are left to scour the record and guess at its rationale for dismissal on all the issues presented. *See United States v. Roberts*, 88 F.3d 872, 882 (10th Cir.1996) (per curiam), *superseded by statute on other grounds as recognized in United States v. Meacham*, 115 F.3d 1488, 1491 (10th Cir.1997); *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996). Thus, the district court's summary order of dismissal, without any statement of reasoning on each of the issues presented, leaves us in doubt as to the basis for the order and requires remand. *See Quintana v. Califano*, 623 F.2d 128, 130 (10th Cir.1979). Not only will clear statements and legal analysis as to the basis for

its decision assist the parties in evaluating the necessity of, and grounds for, appeal, but they will facilitate this court in any future review thereof. Accordingly, the district court's order filed September 11, 2012, is VACATED and the matter referred to herein is REMANDED to the district court for issuance of an order consistent with the instructions provided in this order.