NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MICHAEL KELLY,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>U.S. CENSUS BUREAU; U.S.<br>DEPARTMENT OF COMMERCE,<br><br>        Defendants - Appellees. | No. 11-17684<br><br>D.C. No. 3:10-cv-04507-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 29, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

    John Michael Kelly appeals pro se from the district court's grant of

summary judgment in favor of the United States Census Bureau and the United

States Department of Commerce (collectively "Census") in Kelly's action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations of the Freedom of Information Act ("FOIA") and the Privacy Act. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

We vacate and remand to the district court because it failed to enter sufficiently detailed findings of fact and conclusions of law. *See Wiener v. FBI*, 943 F.2d 972, 987-88 (9th Cir. 1991); *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1357, 1357-58 (9th Cir. 1981). On remand, the district court must provide an explanation, for each individual request, as to why it concludes that Census conducted an adequate search reasonably calculated to uncover all relevant documents responsive to the request. As part of its analysis, the district court must address threshold issues, including, inter alia, the following: 1) whether Census improperly interpreted the March 24, 2010 request to apply only to applicants and not hirees, and the legal significance of any such interpretation; 2) whether Census improperly interpreted the May 5, 2010 and June 22, 2010 letters to require Census to search for only thirteen itemized records under FOIA; and 3) whether the August 27, 2010 letter was a new request that required Census to conduct a new search and produce documents. The district court also must address Kelly's contention that Census impermissibly failed to allow him to inspect and review the records in his personnel file.

We decline to affirm summary judgment on the alternative grounds of failure to exhaust because there is evidence in the record to support Kelly's claim of exhaustion. *See* 5 U.S.C. § 552(a)(6)(C) (person is deemed to exhaust administrative remedies if the agency fails to respond to a request under applicable time limits); 5 U.S.C. § 552(a)(6)(A)(i) (requiring agency to determine within 20 days whether to comply with a request and to give notice of the right of administrative appeal in its response to a request).

The district court did not abuse its discretion in denying Kelly's motion for recusal under 28 U.S.C. § 455(a) because Kelly failed to establish that the court harbored any predisposition so extreme as to display clear inability to render fair judgment. *See Liteky v. United States*, 510 U.S. 540, 551, 555-56 (1994); *Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003) (setting forth standard of review).

Kelly's motion to reassign the case to a different district court judge on remand, set forth in his opening brief, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED**.