Nels **JOHNSON**, a single person, Plaintiff–Appellee and Cross–Appellant,

v.

**GEORGIA–PACIFIC CORPORATION**, successor in interest to Crown Zellerbach, Georgia–Pacific Retirement Plan for Consumer Products and Packaging Employers, successor in interest to the Fort James Retirement Plan—Schedule 002 (Port Angeles), successor in interest to The Crown Zellerbach Retirement Plan, Defendants–Appellants, and Cross–Appellees.

Nos. 06–35370, 06–35413, 06–36033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Dec. 26, 2007.

---

See, also, 2005 WL 2090654.

Daniel Parnell Thompson, Thompson & Deley, Seattle, WA, for Plaintiff–Appellee and Cross–Appellant.

Bradley F. Tellam, Esq., Barran Liebman, LLP, Scott G. Seidman, Esq., Robert Lane Carey, Esq., Tonkon Torp, LLP, Portland, OR, for Defendants–Appellants, and Cross–Appellees.

Before: CUDAHY,* REINHARDT, and PAEZ, Circuit Judges.

MEMORANDUM **

Georgia–Pacific Corporation ("Georgia–Pacific") appeals the district court's grant of summary judgment in favor of Nels Johnson ("Johnson"). Johnson cross-appeals the district court's denial of statutory penalties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's determination that the applicable pension plan entitles Johnson to credit for his years of service prior to 1947 and the court's rejection of Georgia–Pacific's statute of limitations defense. Because the district court did not explain its rejection of Georgia–Pacific's laches argument, we remand to allow the court to provide reasons supporting its ruling. We affirm the district court's refusal to award statutory penalties.

Johnson claims he is entitled to pension benefits for his years of employment prior to a 1947 break in service. The pension plan at issue is regulated by the Employee Retirement Income Security Act of 1974

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("ERISA"). Georgia–Pacific argues that the district court erred in ruling that the plan administrator's interpretation of the relevant plan language constituted an abuse of discretion. Ordinarily decisions of an ERISA administrator with discretionary authority are reviewed under the deferential abuse of discretion standard of review. *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1122 (9th Cir.1998). The mere power to decide claims does not constitute discretionary authority. *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1216 (9th Cir.2007) (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 964 (9th Cir.2006) (en banc)). Whether an administrator has discretionary authority depends on whether the plan gives the administrator the power to construe plan terms and make benefits determinations in accordance with the plan. *Id.* The plan at issue in the present case gives the administrator the discretion "[t]o interpret, construe and apply all provisions of the Plan, to decide all questions of eligibility and to determine the amount and time of payment of any benefits under the Plan." (Appellant's ER at 78.) The administrator thus has discretionary authority. Once it is established that a plan administrator has discretionary authority, a court reviewing the administrator's decision must next determine whether the administrator exercised its authority. *Abatie*, 458 F.3d at 972. If it did not, de novo review is proper. *Id.* (citing *Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1106 (9th Cir.2003)).

■ In the present case, the administrator failed to exercise its discretion in rendering its final decision. The administrator did not review any plan documents to determine whether Johnson's claim had been denied properly under the plan. (Appellee's ER at 298, 301.) Instead it relied solely on a prior denial letter to deny Johnson's appeal, a denial letter that cited the wrong version of the plan in denying Johnson's claim. (Appellee's ER at 298.) Indeed, there were no plan documents at all in the administrative record and the district court had to go outside the administrative record to determine the substance of the applicable plan language. Because it did not construe plan terms or make its eligibility determination under the plan, the administrator did not exercise the discretion vested in it by the plan and the proper standard of review is de novo. *See Jebian*, 349 F.3d at 1106 ("Deference to an exercise of discretion requires discretion actually to have been exercised.") (citation omitted). Although the district court should have reviewed the administrator's denial of benefits de novo, a court conducting de novo review of an administrator's decision "simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie*, 458 F.3d at 963.

We find that the interpretation of the plan under the de novo standard is the same as that reached by the district court.[1]

---

1. The plan administrator also violated a number of ERISA's notification requirements in its initial denial letters. 29 C.F.R. § 2560.503–1(g) applies to claims filed after January 1, 2002. Because Johnson's claim was filed prior to that date, 29 C.F.R. § 2560.503–1(f) (2000) applies. In its denial letters, the administrator cited the wrong plan version and neglected to inform Johnson of the plan's review procedures. 29 C.F.R. § 2560.503–1(f)(2), (4) (2000). It also failed to describe any additional information that could assist in the review process. 29 C.F.R. § 2560.503–1(f)(3) (2000). We have held that where "an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA," the standard of review may become de novo. *Abatie*, 458 F.3d at 971. Minor procedural violations will not alter the standard of review, but if the violations are "so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm," review will be de novo. *Id.* (quoting *Gatti v. Reliance Standard Life*

Georgia–Pacific also argues that Johnson's claims are barred by the applicable statute of limitations. Because ERISA does not contain a specific statute of limitations, courts look to the most analogous state statute of limitations. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 646 (9th Cir.2000) (en banc). In this case, Washington's six-year statute of limitations for contract disputes applies. *Pierce County Hotel Employees & Rest. Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450,* 827 F.2d 1324, 1328 (9th Cir. 1987). An ERISA cause of action accrues when benefits are denied or when the claimant has reason to know his claim has been denied. *Chuck v. Hewlett Packard Co.,* 455 F.3d 1026, 1031 (9th Cir.2006). We conclude that the facts in this case do not constitute the kind of "unusual circumstances" in which a claimant has reason to know his claim has been finally denied despite the plan's failure to provide the notice and review required by ERISA. *Id.* at 1033. In *Chuck,* we noted that a cause of action accrues when the plan communicates " 'a clear and continuing repudiation' of a claimant's rights under a plan." *Id.* at 1031 (quoting *Martin v. Construction Laborer's Pension Trust,* 947 F.2d 1381, 1385 (9th Cir.1991)). Correspondence between Chuck and the administrator established that the plan had communicated a "clear and continuing repudiation" of his rights. *Id.* at 1036–37. In light of these communications and certain facts concerning Chuck's receipt of a lump sum benefits payment, we determined that Chuck "could not have reasonably believed but that his claim had been finally denied." *Id.* at 1038.

Johnson stated in his deposition that he wrote to the plan administrator in the late 1970s and again around 1990 about receiving benefits for his pre–1947 service. He also stated that he received letters informing him that he was ineligible for retirement benefits for those years due to his break in service. The parties did not produce copies of these letters, however, and it is therefore impossible to determine whether the administrator's responses constituted a "clear and continuing repudiation" of Johnson's claim such that he "could not have reasonably believed" that the plan had not finally denied his claim. Absent evidence that the claim was finally denied prior to 2001, Johnson's complaint, filed in 2004, falls within the six-year limitations period.

■ Georgia–Pacific argues that the loss of the 1970s correspondence and other evidence justifies the application of laches.[2] A court's laches determination is reviewed for abuse of discretion. *In re Beaty,* 306 F.3d 914, 921 (9th Cir.2002). "An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors." *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452 (9th Cir.1980) (citation omitted). The district court declined to apply laches, but because it did not explain its reasoning, we can not review its determination. We therefore remand to the district court to

*Ins. Co.,* 415 F.3d 978, 985 (9th Cir.2005) (as amended)). Because the administrator's failure to exercise its discretion requires de novo review, we do not reach the question whether the procedural violations alone would have altered the standard of review.

**2.** Laches is an affirmative defense that must be pleaded and proved by the defendant.

Fed.R.Civ.P. 8(c). Although Georgia–Pacific first raised laches in its motion for summary judgment, we have permitted defendants to raise an affirmative defense for the first time in a motion for summary judgment if the plaintiff is not prejudiced. *See Magana v. Commonwealth of the Northern Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir.1997).

allow it to state the reasons for its decision.

 Johnson cross-appealed the district court's denial of statutory penalties. ERISA gives the court discretion to award penalties for failure to provide plan documents in response to his requests. 29 U.S.C. § 1132(c)(1). The district court gave sound reasons for declining to award statutory penalties, observing that the defendants responded to requests for plan documents with the documents they believed to be relevant and noting that the passage of time made it difficult to locate plan documents and to determine their relevance. Because the district court did not abuse its discretion, we affirm the denial of statutory penalties.

We award Johnson his costs on appeal.

**AFFIRMED** in part, **REMANDED** in part.