**Nels JOHNSON, a single person, Plaintiff—Appellee,**

v.

**GEORGIA–PACIFIC CORPORATION, successor in interest to Crown Zellerbach; Georgia–Pacific Retirement Plan for Consumer Products and Packaging Employers, successor in interest to the Fort James Retirement Plan—Schedule 002 (Port Angeles), successor in interest to The Crown Zellerbach . Retirement Plan, Defendants—Appellants.**

No. 08–35383.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2009.*

Filed May 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Daniel P. Thompson, Thompson & Delay, Seattle, WA, for Plaintiff–Appellee.

Robert Lane Carey, Esquire, Scott G. Seidman, Tonkon Torp, LLP, Portland, OR, for Defendants–Appellants.

Before: CUDAHY **, REINHARDT and PAEZ, Circuit Judges.

## MEMORANDUM ***

This matter is before us for the second time, following our limited remand to the district court to provide reasons for rejecting the defendants' laches argument. In our previous Memorandum, we otherwise affirmed the district court's July 27, 2005 decision denying defendants' motion for summary judgment on statute of limitations grounds and dismissing state claims as preempted by ERISA. We also affirmed the district court's April 11, 2006 decision granting summary judgment to the plaintiff on his claim for benefits under ERISA. We also affirmed the district court's refusal to award statutory penalties. *Johnson v. Georgia–Pacific Corp., et al.,* 260 Fed.Appx. 994 (9th Cir.2007).

On remand, the district court held that the defendants had waived their laches

R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

argument by not raising it until summary judgment, and that the argument failed on the merits. We agree with the holding on the merits and therefore affirm.

Nels Johnson claims he is entitled to pension benefits for his years of employment prior to a 1947 break in service. The pension plan at issue is regulated by the Employee Retirement Income Security Act of 1974 (ERISA). Georgia–Pacific Corporation argues that Johnson's claim is barred by laches because he failed to raise it for roughly two decades. Johnson retired in 1976 and claims to have complained about his benefits entitlement in the late–1970s, but there is no evidence of correspondence between Johnson and Georgia–Pacific's plan predecessor during this time or any other prior to Johnson's filing of an administrative claim for benefits in 2001. The 2001 administrative claim was rejected by Georgia–Pacific's Pension Review Committee without a review of the relevant plan, and without any reference to any previous claim from the late–1970s. Indeed, the plan covering Johnson was not discovered and turned over to Johnson until September 2005. Georgia–Pacific argues that Johnson's delay in bringing his claim exculpates its Pension Review Committee for resolving Johnson's claim without reviewing the relevant plan (and, presumably, for not mentioning any previous claim Johnson may have made as a basis for its denial).

According to Georgia–Pacific, it is Johnson's inordinate delay that has caused evidence to be missing and hard to find. Georgia–Pacific believes that evidence of Johnson's 1970s-era claim at one point existed and would have proved that Johnson's current claim is barred because it was "finally denied" in the late 1970s. But this argument is based on pure speculation, as Georgia–Pacific admittedly has never seen the alleged 1970s correspon-

dence between Johnson and its predecessor in interest (ownership of Johnson's retirement plan has changed hands since he retired). Johnson has testified that Georgia–Pacific never "finally denied" his claim during this period. And Georgia–Pacific has no evidence to the contrary. The only evidence of a final denial is a letter from Georgia–Pacific denying Johnson's administrative claim in September 2001. The company admits this denial, as well as two previous denials earlier in 2001, were based on the wrong retirement plan and were deficient in several other respects under ERISA. Because of the state of the evidence, we previously held that it was impossible to determine whether Johnson's claim was finally denied prior to 2001. Johnson filed the lawsuit now at issue in 2004, within the six-year limitations period. For these reasons, we previously upheld the district court's denial of summary judgment to Georgia–Pacific on statute of limitations grounds.

Unlike the statute of limitations, which Georgia–Pacific pleaded in its answer, Georgia–Pacific raised its laches defense for the first time in its summary judgment brief. The district court rejected the defense as untimely under Fed.R.Civ.P. 8(c), and declined to excuse the delay because Georgia–Pacific failed to show that Johnson was not prejudiced by it. We find that Johnson waived his right to object to the untimeliness of the defense, but because the defense fails on the merits, we affirm.

█ As we stated in our previous Memorandum, a district court's laches determination is reviewed for abuse of discretion. *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002). The district court rejected defendants' laches argument because it was not properly raised in Georgia–Pacific's answer. Laches is an affirmative defense that should be pleaded in response to a complaint as required by Fed.R.Civ.P. 8(c). The Ninth Circuit has "liberalized" this

requirement, but affirmative defenses may be raised for the first time on summary judgment only if "the delay does not prejudice the plaintiff." *Magana v. Commonwealth of the Northern Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir.1997). Georgia–Pacific argues that the district court improperly placed the burden on it to show a lack of prejudice to the plaintiff. We need not reach this issue because Johnson failed to object to the untimeliness in its response to Georgia–Pacific's motion for summary judgment, and therefore has waived this argument. *See Janis v. Commissioner of Internal Revenue,* 461 F.3d 1080 (9th Cir.2006) ("Petitioners implicitly consented to consideration of this issue; they did not object when the government raised the doctrine in its motion for summary judgment and in its trial memorandum.... Their objection at this stage of the proceedings is far too late.") (citations omitted).

 Plaintiff's waiver is unavailing to defendants', however, because their laches defense fails on the merits. That failure essentially amounts to a failure of proof. Which is to say, because Georgia–Pacific cannot prove that Johnson's claim was finally denied in the 1970s, it cannot prove the requisite elements of laches: unreasonable delay by Johnson and resulting prejudice to itself. *See Couveau v. Am. Airlines,* 218 F.3d 1078, 1083 (9th Cir. 2000). Georgia–Pacific argues that it cannot prove that the claim was finally denied in the 1970s because of Johnson's delay, and that Johnson should not benefit from that delay. But again, that argument is speculative, as Georgia–Pacific admittedly has no idea what any correspondence between Johnson and its predecessor might have shown. Johnson's unrebutted testimony that the claim was not finally denied, coupled with the deficient denial letters in 2001, suggest that the 1970s correspondence, if it exists, may have supported Johnson's case, not Georgia–Pacific's.

More fundamentally, Georgia–Pacific bears the burden of proof on its affirmative defense. *See Couveau,* 218 F.3d at 1083 ("To establish laches a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself."); *Apache Survival Coalition v. U.S.,* 118 F.3d 663, 665 (9th Cir.1997) ("To establish the defense of laches, a party must show prejudice caused by the opposing party's lack of diligence in pursuing its claim."). Georgia–Pacific concedes it cannot prove unreasonable delay because of the missing evidence. Its argument that prejudice is shown by the mere fact that evidence is missing fails for the reasons just stated: the evidence in question may have helped Johnson instead of Georgia–Pacific. Because we find that Georgia–Pacific has failed to prove unreasonable delay and prejudice, and therefore that its laches defense fails on the merits, we need not reach the other reasons given by the district court for denying the defense.

AFFIRMED.