218 F.3d 1078 (9th Cir. 2000)
 LYNN COUVEAU, Plaintiff-Appellant,
v.
AMERICAN AIRLINES, INC., a corporation; DOES 1 through 50, DOE 1 CORPORATION through DOE 10 CORPORATION, DOE 1 PARTNERSHIP through 10 PARTNERSHIP, Defendants-Appellees.
 No. 99-55032
Office of the Circuit Executive
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted June 7, 2000--Pasadena, California
Filed July 17, 2000
 
 [Copyrighted Material Omitted]
 William D. Evans, Pasadena, California, for the plaintiff-appellant.
 Kenneth R. O'Brien, Littler Mendelson, Sacramento, California, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California, J. Spencer Letts, District Judge, Presiding; D.C. No. CV-97-06731-JSL
 Before: Stephen Reinhardt, Marsha S. Berzon, Circuit Judges, and Charles R. Breyer, District Judge.[1]
 PER CURIAM:
 
 
 1
 Lynn Couveau brought an employment discrimination action against American Airlines under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code S 12900 et seq.[2] She alleged that American wrongfully failed to reinstate her from medical leave, wrongfully terminated her employment, and denied her full benefits and backpay on reinstatement. American Airlines moved for summary judgment on a multiplicity of grounds. The district court granted the motion summarily, without identifying which of American's grounds it found persuasive. Nothing else in the record reveals the basis for the court's decision.
 
 
 2
 Appellate review is a particularly difficult process when there is nothing to review. A summary judgment order that fails to disclose the district court's reasons runs contrary to the interest of judicial efficiency by compelling "the appellate court to scour the record in order to find evidence in support of [the] decision." 11 James Wm. Moore et al., Moore's Federal Practice P 56.41[3][e], at 56-307 to 56-309 (3d ed. 1999). It also increases the danger that litigants, whether they win or lose, will perceive the judicial process to be arbitrary and capricious. Accordingly, this court has held that when multiple grounds are presented by the movant and the reasons for the district court's decision are not otherwise clear from the record, it may vacate a summary judgment and remand for a statement of reasons. See, e.g., Van Bourg, Allen, Weinberg & Roger v. NLRB, 656 F.2d 1356, 1357 (9th Cir. 1981)[3]. Here, however, this approach would only penalize the litigants further, because we conclude, after having reviewed the record and briefs and having heard oral argument, that no valid ground for summary judgment exists.
 
 A. Compliance with Local Rule
 
 3
 American argues that Couveau "should be deemed to have consented" to its motion for summary judgment because she filed her opposition papers two days late under Local Rule 7.9 of the Central District of California. The district court, however, did not address either Couveau's compliance with Local Rule 7.9 or her ex parte application to permit the late filing of her papers. The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review."). We will not infer that an action constitutes the imposition of sanctions from a silent record. In addition, a one-time, two-day delay in filing opposition papers, even if unexcused, does not amount to "recklessness, gross negligence, repeated-although unintentional-flouting of court rules, or willful misconduct" that would warrant monetary sanctions against counsel, much less dismissal of the underlying action. See Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir. 1989). Moreover, we have repeatedly held that a motion for summary judgment cannot be granted simply because the non-moving party violateda local rule. See Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). The district court's decision cannot be affirmed on this basis for a multitude of reasons.
 
 B. Administrative Exhaustion
 
 4
 American next argues that Couveau failed to exhaust administrative remedies with respect to her challenge to her allegedly wrongful termination. Prior to filing an FEHA action, an employee must file a charge of discrimination with the Department of Fair Employment and Housing (DFEH) and obtain a notice of right to sue. Okoli v. Lockheed Tech. Operations Co., 36 Cal. App. 4th 1607, 1613, 43 Cal. Rptr.2d 57, 60-61 (1995); Martin v. Lockheed Missiles & Space Co., 29 Cal. App.4th 1718, 1724, 35 Cal. Rptr.2d 181, 183 (1994). Here, Couveau filed a charge of discrimination in 1988, and the DFEH issued a notice of right to sue on this charge on August 13, 1996. Couveau filed her action one year later.
 
 
 5
 American argues that Couveau's 1988 charge is deficient because it addresses only American's failure to reinstate her as a flight attendant in June 1988, not her subsequent termination in March 1989. An FEHA complaint, however, may encompass any discrimination that is "like or reasonably related to" the allegations made in the charge of discrimination. Okoli, 36 Cal. App.4th at 1614-17, 43 Cal. Rptr.2d at 6263. Specifically, it may include acts of discrimination that occur after the charge is filed. As this court has explained in the analogous Title VII context, "To force an employee to return to the state agency every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier." Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973), cited in Okoli, 36 Cal. App.4th at 1614-15, 43 Cal. Rptr.2d at 62.[4] See, e.g., Brown v. Continental Can Co. , 765 F.2d 810, 813 (9th Cir. 1985) (holding that employee's termination "constituted a new act of alleged discrimination that was reasonably related to and occurred during the pendency of his EEOC charge alleging discrimination in training"); Ramirez v. National Distillers & Chem. Corp., 586 F.2d 1315, 1320 (9th Cir. 1978) (employee's "1975 layoff constituted a new act of alleged discrimination that was reasonably related to [his] original charge" challenging 1974 layoff by same company).
 
 
 6
 Here, the termination of Couveau is unquestionably "like or reasonably related to" the allegations of discrimination made in her 1988 charge. In that charge, Couveau complained about American's refusal to reinstate her to the position of flight attendant because of injuries she had received in 1983. It was this refusal, Couveau alleges, that led to her subsequent termination: American directed her to work as a reservations clerk; after she attended the training course, Couveau's request for a different job assignment was denied; when she refused to report for the reservations clerk position insisting that she was able to perform the duties of a flight attendant, American fired her. Couveau's challenge to her firing thus did not raise "an entirely new basis for the alleged discrimination." See Okoli, 36 Cal. App.4th at 1615, 43 Cal. Rptr.2d at 62. Failure to exhaust administrative remedies was not a proper basis for summary judgment.
 
 
 7
 C. Statute of Limitations, Estoppel, and Waiver
 
 
 8
 In a related argument, American argues that Couveau is barred by the state statute of limitations because she did not file within a year after the DFEH issued a right-to-sue notice in 1990. This notice related to a second and later discriminationcharge which Couveau filed in 1989 following her termination. Because Couveau did not file a suit within a year from the date that the DFEH issued the notice relating to the later charge, American argues, she cannot seek relief under FEHA for her allegedly wrongful termination. However, all of the allegations underlying Couveau's FEHA claim here are "like or reasonably related to" the allegations made in her first discrimination charge, pursuant to which the DFEH issued a subsequent right-to-sue notice in 1996.[5] Her second charge and first right-to-sue notice do not invalidate the original charge or the right-to-sue notice that pertains to it. To the extent that discriminatory acts are covered by both charges, Couveau was entitled to elect to rely on the earlier and broader charge, if she so chose. That is precisely what she did. Thus, the second right-to-sue notice is the relevant document for purposes of the statute of limitations. See, e.g., Brown, 765 F.2d at 81213. Because Couveau's action was filed within a year of the date of that notice, her claim is not barred by the statute of limitations.
 
 
 9
 Nor is American entitled to summary judgment under the theories of estoppel or waiver. American presented no evidence showing that Couveau misled or "lulled" American into falsely believing that she would not file a lawsuit. See Brookview Condominium Owners' Assoc. v. Heltzer EnterprisesBrookview, 218 Cal. App.3d 502, 511-12, 267 Cal. Rptr. 76, 82 (1990). To the contrary, in the final resolution of her union grievance in 1992, Couveau expressly reserved her right to seek judicial relief under FEHA, and Couveau actively pursued administrative remedies with respect to her FEHA claim before the DFEH. American has not offered any evidence that Couveau intentionally relinquished her right to file suit later. See DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe , 30 Cal. App.4th 54, 60, 35 Cal. Rptr.2d 515, 518 (1994).
 
 D. Laches
 
 10
 American also argues that summary judgment was proper under the doctrine of laches. To establish laches a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself. See Costello v. United States, 365 U.S. 265, 282 (1961); Neighbors of Cuddy Mountain v. United States Forest Service, 137 F.3d 1372, 1381 (9th Cir. 1998); Brown, 765 F.2d at 814. Because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment. Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666-67 (9th Cir. 1980) (citations omitted).
 
 
 11
 American contends that Couveau acted with unreasonable delay by waiting until 1997 to file this lawsuit challenging the denial of her medical clearance in 1988 and her termination in 1989. Couveau did not, however, choose "to sleep on [her] rights." Cf. Boone v. Mechanical Specialties Co., 609 F.2d 956, 959 (9th Cir. 1979). Instead, she actively pursued administrative relief. After Couveau submitted her discrimination charge in 1988, the director of the DFEH issued an accusation on her behalf in August 1989. An administrative law judge then dismissed the accusation on preemption grounds in 1990, but Couveau won a precedent-setting decision before the Fair Employment and Housing Commission (FEHC) in 1991.[6] Her case was remanded to the administrative law judge, where once again it was aborted, this time by the FEHC's 1994 reversal of its position on the preemption question[7]. OnApril 18, 1995, after Couveau inquired about the status of her accusation, the DFEH notified Couveau of this reversal and informed her that it would be "withdrawing the accusation." It issued a right-to-sue notice sixteen months later. For purposes of laches, we do not generally hold employment discrimination plaintiffs responsible for delays that occur during their pursuit of administrative remedies. Brown, 765 F.2d at 815; Gifford v. Atchison, Topeka & Santa Fe Ry. Co., 685 F.2d 1149, 1152 (9th Cir. 1982); see also County of Fresno v. Fair Employment & Housing Comm'n , 226 Cal. App.3d 1541, 1556, 277 Cal. Rptr. 557, 567 (1991).
 
 
 12
 We need not decide the starting point for measuring the reasonableness and prejudicial effect of the delay, if any, on Couveau's part. The starting point could in no event be earlier than April 18, 1995, when the DFEH notified Couveau that it would be withdrawing her accusation. Although we need not decide the question here, we doubt that an agency's notification to a party to an administrative proceeding that it intends to take a specific action in the future would trigger the time at which the party's obligation to act commences, for purposes of laches or otherwise.
 
 
 13
 In addition, laches requires prejudice. American argues that it suffered prejudice as a result of the death of an important witness: Dr. Robert L. Wick, Jr., the medical director who in 1988 denied Couveau clearance to return to her duties as a flight attendant. Dr. Wick, however, died four months after Couveau filed suit. American does not cite any case supporting its argument that post-filing events can constitute prejudice for purposes of laches. Nor does it claim that other witnesses are unavailable or that critical files have been lost. Furthermore, Couveau's filing of her 1988 DFEH discrimination charge, combined with the actions she pursued in union grievance and worker's compensation proceedings, put American on notice that there was a need to preserve evidence in order to defend against possible future legal proceedings. See Brown, 765 F.2d at 815; Bernard v. Gulf Oil Co., 596 F.2d 1249, 1257 (5th Cir. 1979). We conclude that from the standpoint of American, the moving party, the most that can be said is that there may be genuine issues of material fact regarding the laches question. In no event, however, has American established such a defense on the basis of this record. Accordingly, laches also was not a proper ground for summary judgment.
 
 E. Availability of Punitive Damages
 
 14
 Lastly, American argues that Couveau is not eligible to obtain punitive damages at trial on remand. The district court did not address this argument below. Even if valid, the argument would serve only to limit Couveau's potential recovery on remand, not to support the district court's award of summary judgment. It is not inextricably intertwined with other issues in this appeal. We do not have jurisdiction to consider it now. See West v. Goodyear Tire & Rubber Co. , 167 F.3d 776, 780-81 (2d Cir. 1999); Williamson v. UNUM Life Ins. Co. of America, 160 F.3d 1247, 1250 (9th Cir. 1998); Watkins v. City of Oakland, 145 F.3d 1087, 1091-92 (9th Cir. 1998).
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.
 
 
 [2]
 American removed on the basis of diversity jurisdiction. Couveau also brought a claim alleging a violation of public policy. The district court dismissed this claim as barred by the statute of limitations, and Couveau does not challenge that dismissal on appeal.
 
 
 [3]
 It is true that, under Federal Rule of Civil Procedure 52(a), a district court need not make "findings of fact and conclusions of law" when deciding a summary judgment motion. See Insurance Co. of North America v. NNR Aircargo Serv. (USA), Inc., 201 F.3d 1111, 1116 (9th Cir. 2000). Rule 52(a), however, does not relieve a court of the burden of stating its reasons somewhere in the record when its " `underlying holdings would otherwise be ambiguous or inascertainable.' " Van Bourg, 656 F.2d at 1357 (quoting Hanson v. Aetna Life & Cas., 625 F.2d 573, 575 (5th Cir. 1980)).
 
 
 [4]
 "Because California law under the FEHA mirrors federal law under Title VII, federal cases are instructive." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1219 (9th Cir. 1998) (citations omitted); see also Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996); Brundage v. Hahn, 57 Cal. App. 4th 228, 235, 66 Cal. Rptr.2d 830, 835 (1997).
 
 
 [5]
 See discussion of administrative proceedings infra.
 
 
 [6]
 DFEH v. American Airlines, Inc. , FEHC Dec. No. 91-06, 1991 WL 370086 (Mar. 7, 1991).
 
 
 [7]
 DFEH v. San Jose Mercury News , FEHC Dec. No. 94-10, 1994 WL 912233 (July 28, 1994). The courts have since vindicated Couveau's position and held that FEHA claims involving disability discrimination based on work-related injuries are not preempted by either the California Workers Compensation Act, Cal Lab. Code S 3600 et seq., see City of Moorpark v. Superior Court, 18 Cal. 4th 1143, 959 P.2d 752 (1988), or the Railway Labor Act, 45 U.S.C. S 151 et seq. , see Saridakis v. United Airlines, 166 F.3d 1272 (9th Cir. 1999).