**In re: Stefan BOSTANIAN, Debtor,**

George **BOSTANIAN; Vartanoush Bostanian Appellants,**

v.

**AMERICAN HILTON CORPORATION; Liberty Savings Bank; California Federal Bank; U.S. Trustee, Appellees.**

No. 01–56446.

BAP No. CC–00–01720–BMoP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided July 1, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM *

As the facts are known to the parties, we do not recite them here except as necessary to explain our decision. We review the decision of the Bankruptcy Appellate Panel ("BAP") de novo. *In re Scovis,* 249 F.3d 975, 980 (9th Cir.2001). The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *Id.*

In order to establish a prima facie case for damages under 11 U.S.C. § 362(h), an individual debtor must show that she was injured by a willful violation of the automatic stay. *Fernandez v. G.E. Capital Mortgage Servs (In re Fernandez ),* 227 B.R. 174, 180 (9th Cir.BAP1998). Because Vartanoush Bostanian ("Vartanoush")[1] has not shown that appellees Liberty Savings Bank ("Liberty")[2] or California Federal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. For clarity, we refer to each of the Bostanians by his or her first name.

2. We refer to both American Hilton Corporation and its successor, Liberty Savings Bank, as "Liberty."

Bank ("Cal Fed") willfully violated the automatic stay in her bankruptcy, we affirm the decision of the BAP.

Vartanoush alleges that Liberty willfully violated the stay by submitting a misleading motion for relief to the bankruptcy court. However, the motion clearly referred to the "attached legal description" of the properties, and that legal description included Parcel A and Lot 19 in addition to Parcel B. The bankruptcy court's order likewise referred to all three properties. Thus, Liberty obtained relief from the stay as to all three properties. Vartanoush does not dispute that she was served with both Liberty's motion and the court's order granting relief. We reject her argument that Liberty's subsequent statement that it had intended to seek relief only as to Parcel B somehow converted its conduct as to Parcel A, to which the court expressly granted relief, into a willful violation of the stay.

We also reject Vartanoush's argument that Liberty and Cal Fed willfully violated the stay by entering into a settlement agreement to work out their conflicting claims to Parcel A. Even if Liberty's foreclosure extinguished Cal Fed's interest in Parcel A, and the settlement agreement effectively created an interest in Parcel A in favor of Cal Fed in violation of 11 U.S.C. § 362(a), there was no resulting injury to Vartanoush. The bankruptcy court abstained from deciding the dispute over the title to Parcel A; pursuant to the settlement, Parcel A was reconveyed to the bankruptcy estate; and Cal Fed subsequently obtained relief from the stay and exercised its right to foreclose on Parcel A.

Even if we did not hold that there was no willful violation of the automatic stay, we would hold that Vartanoush's claim is barred by the doctrine of laches. We review the bankruptcy court's decision that laches applies for abuse of discretion. *Tel-*

*ink, Inc. v. United States,* 24 F.3d 42, 47 n. 10 (9th Cir.1994). To invoke the defense of laches, "the 'defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself.'" *Danjaq, LLC v. Sony Corp.,* 263 F.3d 942, 951 (9th Cir. 2001) (quoting *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1083 (9th Cir. 2000)). Vartanoush knew of the order granting Liberty relief from the stay in 1994 and knew of the settlement agreement in 1995. Her delay in filing this action is unreasonable because there is no reason the claims for willful violation of the stay could not have been brought earlier. Vartanoush's delay created a rebuttable presumption of prejudice to Liberty and Cal Fed. *See Telink,* 24 F.3d at 47–48. Because Vartanoush has not offered any evidence to rebut that presumption, we hold that the application of laches was not an abuse of discretion.

AFFIRMED.