Juan Hernandez **NEGRETE,**
Plaintiff—Appellant,

v.

Robert **LUMAN; et al., Defendants—**
Appellees.

No. 02–55213.

D.C. No. CV–01–10710–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM****

Juan Hernandez Negrete appeals pro se the district court's order denying him leave to proceed in forma pauperis ("IFP") in his action alleging violation of his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review for an abuse of discretion, *O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir.1990), and we vacate and remand.

The district court denied Negrete's motion to proceed IFP on the ground that he made an "inadequate showing of indigency." On its face, Negrete's affidavit and declaration in support of his motion appear adequate to establish indigency. The court offered no explanation for its conclusion to the contrary. *See Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that it is appropriate for an appellate court reviewing an IFP dismissal to consider "whether the [district] court has provided a statement explaining the dismissal that facilitates 'intelligent appellate review'") (citation omitted); *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1081 (9th Cir.2000) (per curiam) ("Appellate review is a particularly difficult process when there is nothing to review.").

In addition, Negrete's complaint appears to state non-frivolous constitutional claims, so alternative grounds do not support the district court's decision. *Cf. O'Loughlin,* 920 F.2d at 617 (determining IFP status properly denied because complaint was frivolous); *see also Denton,* 504 U.S. at 32–33 (stating that allegations are frivolous if they are "clearly baseless" but not if they are factually unlikely) (citation omitted).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

388

Accordingly, we vacate and remand for the district court to allow Negrete to proceed IFP unless it finds other reasons for denial.

In light of our disposition, we deny Negrete's request for clarification of why his case was selected for submission without oral argument.

**VACATED and REMANDED.**