Edward B. FOSTER, Plaintiff—Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant—Appellee.

No. 06–15050.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2007 [*].

Filed May 22, 2007.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Edward B. Foster, Campbell, CA, pro se.

Theodora Oringher Miller & Richman PC, Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Edward B. Foster (Foster) appeals pro se the district court's summary judgment in favor of the Metropolitan Life Insurance Company (MetLife) in Foster's diversity action for breach of contract and declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir.2006).

The parties are familiar with the facts and prior proceedings. The district court granted summary judgment to MetLife based upon the doctrine of laches, finding that Foster's unreasonable delay in asserting his contractual rights had resulted in substantial prejudice to MetLife. The district court also determined that Foster's breach of contract claim failed as a matter of law.

A. *Laches*

"Laches is an equitable affirmative defense available for actions that do not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have a specific applicable statute of limitations." *Id.* at 1125. Foster's first claim for relief in his amended complaint is for breach of contract, for which the applicable statute of limitations in California is four years. Cal.Civ.Proc.Code § 337 (four year statute of limitations for written contracts). Foster's claim for breach of contract was filed within the applicable statute of limitations. Foster's equitable claim for declaratory relief, however, does not have a specific statute of limitation.

"The affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty,* 306 F.3d 914, 926 (9th Cir.2002) (internal quotes and additional citations omitted). "A lengthy delay, even if unexcused, that does not result in prejudice does not support a laches defense." *Grand Canyon Trust v. Tucson Elec. Power Co.,* 391 F.3d 979, 988 (9th Cir.2004).

The issue of prejudice to MetLife is vigorously disputed. MetLife argues that because more than three years have passed, it can only rely upon "exemplar copies" of the notices it claims to have sent to Foster. Foster asserts, however, that MetLife is required to maintain copies of such correspondence and has suffered no prejudice.

"Because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment." *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1083 (9th Cir.2000) (additional citations omitted). We conclude that material issues of fact remain. Therefore, the district court erred in granting summary judgment to MetLife based upon the affirmative defense of laches.

**B.** *Breach of Contract*

■ The district court alternatively determined that Foster's breach of contract claim failed as a matter of law. The district court concluded that Foster's sworn declaration that he did not receive grace period notices could not defeat the testimony of a MetLife employee familiar with MetLife's computer generated mail log. In ruling on a motion for summary judgment, the court must leave "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" to the jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We have held that when determining whether a party has created facts sufficient to defeat a motion for summary judgment, a court may disregard the party's sworn testimony if the testimony is internally inconsistent, but otherwise the judge must view the evidence in the light most favorable to the nonmoving party. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1158 (9th Cir.1999). Here, Foster's statements were not internally inconsistent. Foster has raised a genuine issue for trial that he did not receive timely grace period or termination notices. Foster's testimony is fair game for cross-examination and a decision by a jury.

The district court also determined that Foster could not claim that MetLife waived its right to terminate the insurance policy based upon MetLife's acceptance of two late payments. However, "[E]vidence tending to show waiver is favorably regarded by the California courts," and "[f]orfeiture of a policy will be avoided on any reasonable showing." *Klotz v. Old Line Life Ins. Co.,* 955 F.Supp. 1183, 1188 (D.Cal.1996) (citing *Pierson v. John Hancock Mutual Life Ins. Co.,* 262 Cal.App.2d 86, 68 Cal.Rptr. 487, 490 (1968)). The district court erred in precluding Foster's

waiver argument on a motion for summary judgment.

Finally, there is no merit in Foster's argument that Mary Foster was an assignee of the policy. Foster failed to submit any evidence that he complied with the conditions for assignment under the policy. Because we have reversed the judgment, Foster's argument that the district court erred in denying additional discovery is moot.

**REVERSED and REMANDED.**