## STEINY AND COMPANY, INC., a California corporation, Plaintiff—Appellant,

v.

## CONTINENTAL CASUALTY COMPANY, a corporation; et al., Defendants—Appellees.

### No. 06–55395.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.*

Filed Dec. 3, 2007.

Richard J. Messer, Esq., The Corona Firm, LLP, La Mesa, CA, for Plaintiff–Appellant.

Teresa Wainman, Michelman & Robinson, Encino, CA, for Defendant–Appellee.

Before: FARRIS and PAEZ, Circuit Judges, and CONLON,** District Judge.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM ***

Steiny and Company, Inc. appeals the district court's grant of summary judgment in favor of Continental Casualty Company. Steiny claims that two genuine issues of material fact preclude summary judgment: (1) whether Continental misrepresented Steiny's insurance policy to a third party, and (2) whether Continental improperly settled claims made against Steiny over Steiny's objection and in violation of the terms of the insurance policy.

The district court did not explain the basis for its decision, nor did it hold oral argument. While we could remand for clarification, *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 n. 3 (9th Cir. 2000) (per curiam), our independent review of the record satisfies us that summary judgment was improperly granted. Construing the facts in the light most favorable to Steiny, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004), we find four genuine issues of disputed material fact.

Steiny's claim that Continental misrepresented the insurance policy and injured Steiny raises a genuine issue of material fact. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir.1981) ("[c]ausation is generally a question of fact for the jury").

Whether Continental violated its duty of good faith toward Steiny raises a genuine issue of material fact. *See Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 818, 169 Cal.Rptr. 691, 620 P.2d 141 (1979) (an insurance carrier does not enjoy unfettered discretion to act as it sees fit).

Whether Continental is bound by the Claims Service Agreement and whether it exceeded its contractual authority is another disputed material fact. Steiny argues that Continental is bound by the Agree-

*** This disposition is not appropriate for publi-

ment. Language in the Agreement is pivotal and relevant to Steiny's claim. There exists a question of contractual interpretation precluding summary judgment. *See Bower v. Bunker Hill Co.*, 725 F.2d 1221, 1223 (9th Cir.1984) (holding that where disputes over facts necessary to interpret a contract exist, summary judgment is generally improper); *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 982–83 (9th Cir.1999) (stating that summary judgment is improper when the issue disputed is which of several documents form the terms of a contract).

The parties also dispute whether Continental's failure to obtain Steiny's consent to settle was "knowing and deliberate," and a violation of the Claims Service Agreement. Steiny has produced facts suggesting Continental settled a claim knowingly and deliberately over Steiny's objection.

We remand to the district court for trial.

**REVERSED AND REMANDED.**

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.