In re: Sona Chukhian MELIKYAN, Debtor,

Sona Chukhian Melikyan, Appellant,

v.

Naira N. Khnkoyan, Appellee.

No. 06–55521.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2007.*

Filed Jan. 16, 2008.

---

** The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

J. Scott Bovitz, Esq., Bovitz & Spitzer, Los Angeles, CA, for Debtor/Appellant.

Armen Shaghzo, Esq., Shaghzo & Shaghzo, Glendale, CA, for Appellee.

Naira N. Khnkoyan, Glendale, CA, pro se.

Before: SILVERMAN, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Sona Chukhian Melikyan ("Chukhian"), a Chapter 7 debtor, appeals the judgment of the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") in favor of creditor Naira N. Khnkoyan ("Khnkoyan"). The BAP affirmed the U.S. Bankruptcy Court's decision finding Chukhian's debt nondischargeable under

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

11 U.S.C. §§ 523(a)(2)(A) and 523(a)(3) and denying Chukhian's discharge under 11 U.S.C. § 727(a)(4). It also remanded the issue of prejudgment interest to the bankruptcy court, for either a recalculation of the proper rate or a reasoned justification for awarding interest at the 10 percent rate. Reviewing the decision of the BAP de novo, *Price v. U.S. Trustee (In re Price)*, 353 F.3d 1135, 1138 (9th Cir.2004), and conducting an independent review of the bankruptcy court's rulings, *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir.2004), we affirm.

Chukhian raises fourteen claims of error, which we consider, as follows:

■ 1. Khnkoyan's complaint under §§ 523 and 727 was timely. Chukhian waived the right to object to the bankruptcy court's ruling that Khnkoyan's complaint was timely filed by failing to raise the issue at any time prior to or at trial. That Khnkoyan's motion for an extension of the deadline for filing a complaint was mentioned in Chukhian's trial brief, during Khnkoyan's closing argument and in the bankruptcy court's oral ruling, did not constitute an objection by Chukhian to the complaint based on a lack of timeliness. Chukhian's claim that she preserved this issue with her affirmative defense of failure to state a claim lacks merit. *See Kontrick v. Ryan*, 540 U.S. 443, 459–60, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

2. The bankruptcy court did not err when it determined Khnkoyan's claims under § 523, once it determined that Chukhian would not be entitled to a discharge under § 727. The cases cited by Chukhian do not urge otherwise.

3. Khnkoyan has standing to bring the action under § 727, because any question as to the strength of Khnkoyan's claim goes to its merits, not to its justiciability. Moreover, as a "creditor," as defined in § 101(10)(A), Khnkoyan has standing to object to the dischargeability of her claim pursuant to § 727(c)(1) which provides that "a creditor ... may object to the granting of a discharge under subsection (a) of this section."

4. The bankruptcy court did not clearly err in denying Chukhian's discharge under § 727(a)(4)(A). *See Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir.2004). Section 727(a)(4)(A) provides that "[t]he court shall grant the debtor a discharge, unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." We agree with the BAP that the bankruptcy court correctly found that the errors in Chukhian's bankruptcy schedules were material and were made knowingly and fraudulently. The court specifically found that Chukhian failed to (1) adequately identify her earnings in the two years preceding and in the partial year leading up to her bankruptcy; (2) identify herself as an officer, director, and shareholder of a corporation during the relevant period; and (3) identify and account for three deposits, totaling $101,000. The bankruptcy judge also found that Chukhian's testimony lacked credibility and was decidedly evasive.

5. The bankruptcy court correctly concluded that Khnkoyan is entitled to a money judgment against Chukhian. The bankruptcy court is entitled to deference as to the sufficiency of the evidence. Even if two views of the evidence are possible, "the trial judge's choice between them cannot be clearly erroneous." *Beauchamp v. Hoose (In re Beauchamp)*, 236 B.R. 727, 729–30 (B.A.P. 9th Cir.1999).

6. The bankruptcy court did not clearly err in determining that Chukhian made purposeful misrepresentations to Khnkoyan. *See Latman*, 366 F.3d at 781; *Anderson v. Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 84 L.Ed.2d 518

(1985). The court heard evidence from both sides during a five-day trial and pre-trial proceedings spanning over a year. Based on our review of the evidence presented, the court did not err in finding that Chukhian "misrepresented the transactions for which she borrowed or failed to account adequately for the use of funds" and "made these borrowings with no intent to repay them."

7. The bankruptcy court did not clearly err in finding that Khnkoyan justifiably relied on Chukhian's misrepresentations as a result of the trust Khnkoyan had in Chukhian as a friend, colleague, and perhaps mentor, and that Khnkoyan lost her money as a result of her reliance. Reliance may be justified "even if the falsity of the representation could have been ascertained upon investigation." *Romesh Japra, M.D., F.A.C.C., Inc. v. Apte (In re Apte),* 180 B.R. 223, 229–30 (B.A.P. 9th Cir.1995) (citing *Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh),* 973 F.2d 1454, 1458 (9th Cir. 1992)).

■ 8. The bankruptcy court did not clearly err when it considered the nature of the relationship between the women, including the trust that Khnkoyan placed in Chukhian as a friend and colleague and a person well-regarded by the Armenian community in Los Angeles, in concluding that Khnkoyan's reliance was justified under § 523(a)(2)(A) (providing an exception to discharge "to the extent [the money is] obtained by ... false pretenses, a false representation, or actual fraud"). *See Apte,* 180 B.R. at 230 ("In considering whether reliance is justifiable, the court must take into account 'the knowledge and relationship of the parties.'" (quoting *Kirsh,* 973 F.2d at 1458)).

9. The bankruptcy court properly admitted the $325,000 check, written to the order of Khnkoyan and signed by Chukhi-an, into evidence as an example of a false attempt to repay Khnkoyan. *See Latman,* 366 F.3d at 786 (requiring a finding that the bankruptcy court abused its discretion and that the error was prejudicial in order to reverse on the basis of an erroneous evidentiary ruling). In reaching its conclusion, the court correctly considered and evaluated the ample testimony presented by the parties regarding the check.

■ 10. The bankruptcy court did not err in concluding that Khnkoyan was owed $433,000, despite Chukhian's statute of limitations argument. Under California law, Khnkoyan's cause of action did not "accrue[ ] until the discovery ... of the facts constituting the fraud or mistake," and there is no evidence that Khnkoyan discovered the facts constituting the fraud at any time prior to the moment when she learned of Chukhian's bankruptcy filing. Cal. Code Civ. Proc. § 338(d). Also, Chukhian's reassurances that Khnkoyan would be repaid what she was owed, and her occasional partial repayments acted as a renewal of Chukhian's obligation. *See Alton v. Rogers,* 127 Cal.App.2d 667, 679–80, 274 P.2d 487 (1954).

■ 11. The BAP correctly concluded that laches did not bar Khnkoyan's claim. Any delay in bringing the complaint was neither unreasonable nor prejudicial because Chukhian's scheme involved partial repayments and promises to pay which kept Khnkoyan mistakenly convinced of Chukhian's honesty and good faith, and Chukhian, not Khnkoyan, was responsible for the loss of the documents at Chukhian's former place of employment. *See Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1083 (9th Cir.2000).

12. Because Chukhian's discharge was appropriately denied under § 727(a)(4), a count which Khnkoyan undisputedly pled, we need not resolve whether the bankrupt-

cy court erred in holding that Chukhian's discharge would be denied under § 727(a)(2), (a)(3), and (a)(5) because Khnkoyan did not plead such claims for relief in her complaint.

13. Nor do we need to resolve whether the bankruptcy court erred in finding that Chukhian's post-loan representations qualify as "false representations" under § 523(a)(2)(A) because there is no dispute that Chukhian's ongoing scheme involved pre-loan representations which fall under the exception of § 523(a)(2)(A).

14. Because it is unclear how the bankruptcy court arrived at an award of prejudgment interest at the 10 percent California rate rather than the lower variable federal rate, we affirm the BAP's remand to the bankruptcy court for either a recalculation of the prejudgment interest, or for a "reasoned justification," as required under *Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir.1987). *See also Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 871 (9th Cir.2001); *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir.1989).

**AFFIRMED.**