Luis Felipe **CASAS–CASTRILLON,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–72553.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2008.

Filed Jan. 31, 2008.

Juan Portillo–Macias, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM *

Luis Felipe Casas–Castrillon, a native and citizen of Columbia, petitions for review of the Board of Immigration Appeals' decision finding him removable for two convictions of crimes involving moral turpitude and ineligible for cancellation of removal. 8 U.S.C. §§ 1227(a)(2)(A)(ii), 1229b(a). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition and remand to the BIA for further proceedings.

Casas–Castrillon was granted temporary resident status in April 1989 and became a lawful permanent resident in September 1990. In 1993, he pled guilty to vehicle burglary in violation of Cal.Penal Code § 459. The administrative record contains a felony complaint and minute order evidencing the 1993 conviction. In 2000, Casas–Castrillon again pled guilty to vehicle burglary in violation of Section 459. There is a felony complaint and abstract of judgment evidencing the 2000 conviction in the record.

The BIA held that Casas–Castrillon's 1993 conviction stopped the accrual of the seven years of continuous residence required to be eligible for cancellation of removal. See 8 U.S.C. §§ 1229b(d)(1)(B),

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1229b(a)(2). In so holding, the BIA found his convictions under Cal.Penal Code § 459 were crimes involving moral turpitude. Casas–Castrillon contends the BIA erred in concluding that his convictions involved moral turpitude and in retroactively applying the "stop-time" rule of § 1229b(d)(1)(B) to prevent him from fulfilling the continuous residence requirement of § 1229b(a)(2).

## I

We review de novo "whether a state statutory crime constitutes a crime involving moral turpitude," *Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1067 (9th Cir. 2007) (en banc) (citation omitted), and whether application of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) is impermissibly retroactive. *See Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1194 (9th Cir.2006).

## II

■ Although we have not, thus far, decided whether a violation of Cal.Penal Code § 459 is a crime involving moral turpitude,[1] we have held that residential burglary does not categorically involve moral turpitude. *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1020 (9th Cir. 2005) (interpreting Wash. Rev.Code § 9A.52.025(1)). The BIA's order in this case was issued before *Cuevas–Gaspar* was decided and did not contain a reasoned analysis of the moral turpitude question.[2] We therefore remand with instruc-

tions that the BIA reconsider whether a violation of Cal.Penal Code § 459 is a crime of moral turpitude under the categorical and modified categorical approaches established by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and whether under the modified categorical approach the documentation for the conviction is legally sufficient to show that Casas–Castrillon pled guilty to a crime of moral turpitude. *See, e.g., Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1129–30 (9th Cir.2007). *See also INS v. Orlando Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (remand is appropriate where an agency can "make an initial determination."); *Couveau v. Am. Airlines, Inc.,* 218 F.3d 1078, 1081 (9th Cir. 2000) ("Appellate review is a particularly difficult process when there is nothing to review.").

## III

■ We agree with Casas–Castrillon that application of § 1229b(d)(1)(B)'s stop-time rule to his 1993 conviction would be impermissibly retroactive. Enacted as part of IIRIRA, the stop-time rule took effect on April 1, 1997. The stop-time rule does not apply retroactively to the seven-year continuous residence requirement "for an alien who pled guilty before the enactment of IIRIRA and was eligible for discretionary relief at the time IIRIRA became effective." *Sinotes–Cruz,* 468 F.3d at 1202–03. Casas–Castrillon met the sev-

1. In *Sareang Ye v. INS,* 214 F.3d 1128, 1135 n. 5 (9th Cir.2000), we described vehicle burglary as a crime of moral turpitude. This cursory statement, however, was not central to the holding and is distinguishable as non-binding dicta. *See United States v. Johnson,* 256 F.3d 895, 915 (9th Cir.2001) (Kozinski, J., concurring) (defining dictum as a statement incidental "to another legal issue that commands the panel's full attention").

2. It is unclear whether Casas–Castrillon's moral turpitude claim was exhausted before the BIA under *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1186 (9th Cir.2001) (en banc), but under the circumstances it is appropriate for the BIA to consider the issue on remand. Assuming that Casas–Castrillon did not adequately present the moral turpitude argument in his opening brief on appeal to this court, application of the waiver rule would result in manifest injustice. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003).

en-year continuous residence requirement and was eligible for cancellation of removal before IIRIRA was enacted. *Cf. Valencia–Alvarez v. Gonzales,* 469 F.3d 1319, 1328 (9th Cir.2006) (retroactive application of § 1229b(d)(1)(B) did not impair petitioner's rights because petitioner was not eligible for discretionary relief at the time IIRIRA became effective). We therefore hold that the permanent stop-time rule of § 1229b(d)(1)(B) does not apply retroactively to stop Casas–Castrillon's accrual of seven years of continuous residence under § 1229b(a)(2), and deny the government's motion to remand the retroactivity question to the BIA. We do not otherwise determine Casas–Castrillon's eligibility for cancellation of removal. We remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED AND REMANDED.**