SUNSET DRIVE CORPORATION,
Plaintiff–Appellant,

v.

CITY OF REDLANDS, Defendant–
Appellee.

No. 07–55017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed June 16, 2008.

William J. Davis, Esq., Davis & Company, Los Angeles, CA, for Plaintiff–Appellant.

Daniel J. McHugh, Redlands, CA, Howard B. Golds, Esq., Best Best & Krieger, LLP, Riverside, CA, for Defendant–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL, District Judge.*

MEMORANDUM **

Plaintiff–Appellant Sunset Drive Corporation ("Sunset") appeals the district court's summary judgment in favor of Defendant–Appellee City of Redlands ("the City"). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We vacate and remand with instructions that the case be assigned to a different district judge.

Sunset, a developer of residential real estate, brought this housing discrimination

---

\* The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In this case judgment has not been entered "in a separate document" as required by Federal Rule of Civil Procedure 58(a). The time for filing a notice of appeal runs from entry of a separate judgment in compliance with Rule 58(a). *Williams v. Borg,* 139 F.3d 737, 739 (9th Cir.1998). However, where, as here, the appellee does not object to appellate jurisdiction on the ground that final judgment has not yet been entered, we may exercise jurisdiction "to avoid the pointless exercise of dismissal, remand, entry of judgment, and a second notice." *Id.*

action against the City based upon allegations that the City has a practice of excluding housing opportunities for low-income families. Sunset claims that as part of this discriminatory practice the City has frustrated Sunset's efforts to develop low-income housing on its property in the City. Sunset alleges that low-income housing units generally are occupied by racial and ethnic minorities and families with children, and that the City's refusal to approve development of low-income housing units constitutes intentional discrimination against these groups and has a discriminatory impact upon them. Sunset asserts claims under the federal Fair Housing Act, California's Fair Employment and Housing Act, California Government Code § 65008, and the Equal Protection Clause of the Fourteenth Amendment.

The district court denied the City's motion to dismiss in a one-page order devoid of any explanation for the ruling. The parties subsequently filed cross-motions for summary judgment, accompanied by the usual memoranda, declarations, requests for judicial notice, objections to evidence, and appendices of authorities. The district court took the motions under submission without oral argument and granted summary judgment for the City in a two-page order that, like the order denying the motion to dismiss, offers no explanation or reasoning in support of the ruling. The City had asserted several grounds for its motion, including arguments that Sunset's claims are time-barred and that undisputed facts demonstrate that the City did not engage in discriminatory conduct. The district court's order is silent as to which arguments it found persuasive, what evidence it considered, and which undisputed facts supported its ruling. Sunset filed a motion to alter or amend, or for relief from, the order granting summary judgment, requesting that the district court supply the reasons for its

decision. The district court denied that motion in an order expressly declining to articulate its factual and legal conclusions.

We have held that although Federal Rule of Civil Procedure 52(a) relieves a district court from the obligation to make findings of fact and conclusions of law when granting a motion for summary judgment, the rule "does not relieve a court of the burden of stating its reasons somewhere in the record when its underlying holdings would otherwise be ambiguous or inascertainable." *Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1081 n. 3 (9th Cir.2000) (internal quotation marks and citations omitted). "Appellate review is a particularly difficult process when there is nothing to review," and a summary judgment order that fails to disclose the court's reasons runs contrary to the interests of judicial economy and increases the danger that litigants will perceive the judicial process to be arbitrary and capricious. *Id.* at 1081. "Accordingly, this court has held that when multiple grounds are presented by the movant and the reasons for the district court's decision are not otherwise clear from the record, it may vacate a summary judgment and remand for a statement of reasons." *Id.*

The instant case falls squarely within the four corners of *Couveau.* While we are sympathetic to the frustration expressed by the City at the prospect of returning to the district court, as a matter of policy we decline to review a bare grant of summary judgment such as that presented here. Ordinarily we would remand with direction to the district judge to provide a reasoned decision. However, the district judge in this case already has signaled his disinclination to state reasons for his decision. We have the power to order a case to be assigned to a different district judge on remand if "unusual circumstances" exist. *United States v. Sears,*

*Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986) (internal quotation marks omitted). We find unusual circumstances here and order that the Clerk of the Court for the Central District of California reassign this case upon remand.

**VACATED and REMANDED with instructions.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.