**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DEREK AND CONSTANCE LEE
CORPORATION, a California
corporation, DBA Great River Food,

        Plaintiff-counter-defendant -
Appellant,

  v.

KIM SENG COMPANY,

        Defendant-counter-claimant -
Appellee.

No. 10-55721

D.C. No. 2:05-cv-03635-ABC-
MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

    Derek and Constance Lee Corp. dba Great River Food Corp. ("Great River")

appeals from the district court's order denying Great River's request for an order of

---

    [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

civil contempt against Kim Seng Co. ("Kim Seng") for failure to comply with the district court's March 10, 2008, injunction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in concluding that Great River was barred by laches from seeking contempt sanctions against Kim Seng. Its findings that Great River's delay was unreasonable and caused prejudice to Kim Seng are supported in the record. *See Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000) ("To establish laches a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself."). Great River knew that Kim Seng was selling products with packaging that Great River claimed violated the injunction as early as September 2008. Yet Great River failed to act for one full year. Then, upon discovering that Kim Seng's products were being sold in markets, Great River still did nothing for five months. Under these circumstances, the district court did not commit a clear error of judgment in concluding that the doctrine of laches precluded sanctions. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001) (the unreasonable delay element of laches is satisfied where plaintiff offers "no viable justification" for delay); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 999 (9th Cir. 2006) ("A defendant may establish prejudice by showing that during the delay, it invested money to expand

2

its business or entered into business transactions based on his presumed rights.")

Nor did the district court err in concluding that Kim Seng had substantially complied with the injunction. Paragraph Two of the injunction provided that Kim Seng could use its Old Man Que Huong Brand mark, registration No. 2311982, "but only in conjunction with a graphic of a walking bearded farmer." Kim Seng requested a clarification, to which the district court responded that "Defendant cannot use Plaintiff's Que Huong trademark except in connection with the Oldman Que Huong Brand in conjunction with the graphic of a walking bearded farmer, period." The district court correctly concluded that Kim Seng's interpretation of this ambiguous order was reasonable. Therefore, the packaging which featured the phrase "Old Man Que Huong Brand" in the surround of the graphic of a walking bearded farmer clearly complied with the terms of the injunction. The words "Que Huong Brand" otherwise were used only in proximity to the graphic and therefore did not violate the injunction. We agree with the district court that Kim Seng's actions "appear[] to be based on a good faith and reasonable interpretation of the [court's order]." *Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted).

**AFFIRMED.**

3

*Lee Corp. v. Kim Seng Co.*, 10-55721

SILVERMAN, Circuit Judge, concurring:


I do not agree that the injunction is ambiguous, but I do agree that the district court did not abuse its discretion in ruling that Great River's contempt motion is barred by laches.