NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIELLE FIGUEROA; DAISY FRANKLIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>EVERALBUM, INC.,<br><br>Defendant-Appellee. | No. 19-16442<br><br>D.C. No. 4:17-cv-05909-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 11, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

In this Telephone Consumer Protection Act case, the district court granted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

summary judgment to Defendant. On appeal, Plaintiffs challenge only the district court's award of attorneys' fees and costs to Defendant. *See* Dist. Ct. Dkt. No. 46. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

The district judge awarded attorneys' fees and costs as sanctions pursuant to 28 U.S.C. § 1927, which applies to an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Sanctions imposed pursuant to this provision are reviewed for an abuse of discretion, *see Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015), but we require district courts to clearly state why sanctions are being imposed, *see Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) (per curiam) ("The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed.").

In awarding attorneys' fees, the district court relied upon a prior lawsuit by Plaintiffs against Defendant in the Eastern District of Missouri, which was dismissed for lack of personal jurisdiction. *See Figueroa v. Everalbum, Inc.*, No. 4:17-CV-1393 RLW, 2017 WL 4574797, at *2–3 (E.D. Mo. Oct. 12, 2017). However, the judge in the Eastern District of Missouri rejected Defendant's request for attorneys' fees under 28 U.S.C § 1927, observing that his disagreement with Plaintiffs about personal jurisdiction did "not warrant an award of attorneys' fees and costs." *Id.* at *3.

2

By re-filing their lawsuit in the Northern District of California, Defendant's home district, Plaintiffs directly addressed the jurisdictional defects raised by the prior dismissal order. The mere filing of the latter action after the prior dismissal, in and of itself, was therefore not frivolous. Moreover, sanctions pursuant to 28 U.S.C. § 1927 cannot be applied to initial pleadings. *See Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir 1996).

Our review of the record simply reveals no unreasonable and vexatious litigation misconduct on the part of Plaintiffs. And given that the district court did not provide us with an adequate explanation of why it granted Defendant's request for attorneys' fees under 28 U.S.C. § 1927, *see Couveau*, 218 F.3d at 1081, we reverse the district court's sanctions award.

**REVERSED.**