NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AGUSTIN RAMIREZ; AGUSTIN
RAMIREZ, Jr.; ANTHONY RAMIREZ,

Plaintiffs-Appellants,

v.

MARTIN NAVARRO; DOES, 1-10,
inclusive,

Defendants-Appellees.

No.    23-55112

D.C. No. 5:20-cv-02408-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Argued and Submitted April 11, 2024
Pasadena, California

Before:  MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit
Judges.

Appellants Agustin Ramirez, Agustin Ramirez, Jr., and Anthony Ramirez

("the Ramirez family") appeal the district court's order granting summary

judgment in favor of Martin Navarro ("Navarro") on the Ramirez family's claims

under the Lanham Act and California state law.  We have jurisdiction under 28

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291, and we affirm.

1.      The district court held that the doctrine of laches barred the Ramirez family's trademark claims under the Lanham Act and related state law claims. We agree.

The doctrine of laches is based on equitable principles and functions as a time limit on a party's right to bring a suit. *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1115 (9th Cir. 2018). Laches can bar recovery in a trademark action, including where injunctive relief is sought. *E-Sys., Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983). Laches is a defense to both Lanham Act claims and related state law claims. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 842–43 (9th Cir. 2002).

"To establish laches a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000). We have established a two-step process to guide our analysis. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 878 (9th Cir. 2014). First, we assess a plaintiff's delay by seeing whether the most analogous statute of limitations expired before the suit was filed; if it has expired, there is a strong presumption in favor of laches. *Pinkette Clothing, Inc. v. Cosm. Warriors, Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018). The presumption is reversed if the analogous statute of limitations has not expired. *Id.* The most analogous

statute of limitations in this case is California's four-year statute of limitations for trademark infringement claims. *See id.* Second, we assess the equity of applying laches using what have become known as the *E-Systems* factors: "(1) strength and value of trademark rights asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay." *Id.* (quoting *E-Sys., Inc.*, 720 F.2d at 607) (internal quotation marks omitted).

A party with unclean hands may not assert laches. *Jarrow Formulas*, 304 F.3d at 851. "[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands." *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982).

The Ramirez family learned that the name of Navarro's band—*Los Caminantes HN*—included the mark "Los Caminantes" in 2011. They sued Navarro in September 2011; Navarro counterclaimed and the parties agreed to dismiss the suit in May 2012. Navarro continued to use the band name. The Ramirez family was aware of Navarro's continued use of the mark. However, the Ramirez family did not sue Navarro again until November 2020, over five years after the analogous statute of limitations expired. This nine year delay creates a

strong presumption in favor of laches.

The *E-Systems* factors also favor laches. While the mark is conceptionally strong, the Ramirez family failed to diligently enforce it. Their lack of diligence contradicts their claims of harm. Nor does the Ramirez family provide sufficient evidence to support their claim of unclean hands. Navarro toured extensively and never attempted to hide his use of the mark. The district court considered these circumstances when it determined that the Ramirez family's delay in filing suit was unreasonable and prejudiced Navarro. The district court properly granted summary judgment on this basis.

2.      The district court held that the Ramirez family's state law intentional interference with prospective business advantage claim was barred by the statute of limitations. The statute of limitations for an intentional interference with prospective business advantage claim is two years. Cal. Code Civ. Proc. § 339(1). "A ruling on the appropriate statute of limitations is a question of law reviewed de novo." *Taylor v. Regents of Univ. of Cali.*, 993 F.2d 710, 711 (9th Cir. 1993).

The Ramirez family knew of Navarro's actions beginning in 2011. They argue that because the continuing accrual doctrine can apply to common law claims, it must apply here. However, Navarro never had an ongoing, recurring obligation to the Ramirez family. *Cf. Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875–76 (Cal. 2013) ("[U]nder the theory of continuous accrual, a series of

wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."). In *Aryeh*, the California Supreme Court reiterated that while the doctrine of continuous accrual may apply to unfair competition claims such as intentional interference with prospective business advantage, what is dispositive is "the nature of the right sued upon and the circumstances attending its invocation," not the labeling of the cause of action. 292 P.3d at 878 (internal citation and quotation marks omitted). The continuous accrual doctrine applied in that case because there was a continuing obligation between the parties; the petitioner was subject to monthly bills, some of which came due within the applicable statute of limitations. *Aryeh*, 292 P.3d at 881; *see id.* at 880 ("The theory is a response to the inequities that would arise if the expiration of the limitations period following a first breach of duty or instance of misconduct were treated as sufficient to bar suit for any subsequent breach or misconduct; parties engaged in long-standing misfeasance would thereby obtain immunity in perpetuity from suit even for recent and ongoing misfeasance."). But that doctrine does not save the Ramirez family's tort claim for intentional interference from summary judgment because they fail to raise a triable issue of fact as to any tortious conduct that Navarro allegedly committed in the two-year period preceding the lawsuit that differed from the conduct he engaged in

beginning in 2011.

**AFFIRMED.**